# PRATT v. LEVAN AND SNYDER, ASSIGNEES OF THOMAS AND LEIDY.

### September Term 1827.

### *Case stated.*

Assignees under a voluntary general assignment, in trust for the benefit of creditors, may elect or refuse to take a lease of real estate held by the assignors at the time of the assignment, without interfering with their right to the other property, which was of the assignors.

To make them responsible for the rent of the demised premises, after the general assignment, it must apear that they have *expressly* or *impliedly* elected to accept the lease.

Taking possession of a store, part of the demised premises, holding a public sale of the goods therein, which passed by the general assignment to them, tendering the key to the lessor at the expiration, and then paying him the rent of the current quarter, accompanied with a protest of their non acceptance of the lease, which by its terms is not assignable without the consent of the lessor, is not an implied acceptance of the lease, so as to make them liable for the rent during the whole of its continuance to the lessor.

THIS was an action brought by Henry Pratt against the defendants, in which a case was stated for the opinion of the court in the nature of a special verdict, in substance as follows :

On the 4th of April 1821, Henry Pratt executed an indenture of lease to Eli Thomas and Jacob Leidy, in pursuance of which they entered on the demised premises, and were possessed thereof at the time of their assignment. The lease was from year to year, payable quarterly, and was not assignable without the consent of the lessor.

On the 27th of May 1822, Thomas and Leidy executed a general and voluntary assignment to the defendants, in trust for the benefit of their creditors.

[Pratt v. Levan and Snyder.]

The defendants accepted the deed of assignment, and in pursuance thereof took an inventory and possession of the goods and effects, which were in a store, the key of which they took, part of the demised premises; and afterwards, on the 6th of June 1822, the defendants made a public sale in the said store of the said effects. They made no other use of the premises.

Thomas and Leidy remained in possession of the dwellinghouse, being part of the demised premises, until the 12th day of June 1822.

On the 4th day of July 1822 the defendants tendered to the plaintiff the key of the demised premises, which he refused to accept; and paid one quarter's rent, and took a receipt for the same, declaring at the same time that they had made no other use of the premises than to make the public sale.

The question submitted for the opinion of the court was, whether the defendants were bound to pay the plaintiff the rent reserved by the said lease, which had become due since the date of the assignment, or any part thereof.   Judgment to be entered accordingly.

The case was argued by *Dundas*, for the plaintiff; and *J. R. Ingersoll*, for the defendants.

The opinion of the court (BARNES, *President;* HALLOWELL, J.; and COXE, J.) was delivered at September term 1827 by

COXE, J.——The assignee of a whole term is subject to the covenants of the original lease.   But before the defendants can be held responsible as assignees, it is necessary they should appear to have accepted the assignment expressly or by implication, as by entry in the demised premises by virtue of it, or by some other act showing they claimed the premises by virtue of the lease.   These principles apply when the lease is specifically assigned; and it is now clearly settled as law, that the assignees of a bankrupt are entitled to elect or refuse to take a lease according to their estimate of its value, without interfering with their rights to the other property. If they think it valuable, and calculated to increase the fund, they may, and in conscience they are bound to do the best with it for the benefit of the estate.   They may offer it for sale and pay rent, under similar circumstances, and still retain the power to repudiate the lease.   I can see no reason why these principles should not be equally applicable to the assignees of an insolvent man under a general voluntary assignment for the benefit of creditors, particularly

[Pratt v. Levan and Snyder.]

where there is no specification or schedule of property describing the lease. Assuming, therefore, the ground that the defendants in this case were at liberty to accept or refuse the assignment of it, supposing it to be legally assigned to them (which by no means is conceded), without renouncing the general assignment, I shall proceed to consider :

1st. Whether they did elect to take the lease expressly.

2d. Whether they have elected by implication, as by entry, &c.

1st. That they have expressly elected does not appear from the case, and has not been contended by the plaintiff's counsel, unless it be involved in the acceptance of the general assignment ; which by the principles relating to bankrupts, which I have said are equally applicable to the case under consideration, it is not. I shall therefore proceed to the second point.

2d. Have the defendants entered into possession of the demised premises as assignees of the term, or done any act from which they can be considered as electing by implication to take it ?

They accepted the general assignment containing no notice of the lease, and took an inventory and possession of the goods in a store, the key of which they took, the store being part of the demised premises, and eleven days after the assignment, when a quarter's rent was more than half expired, they made a public sale of the goods in the store, and made no other use of the premises. The store was but part, and probably not the most valuable part of the premises. It does not appear that the defendants knew of the lease, and if they did, by the terms of the lease it is not to be assigned without the written consent of the lessor, which they never had. A quarter had been entered on and nearly expired at the time of sale, and the defendants fairly considered the landlord entitled to the current quarter's rent. When Thomas and Leidy delivered the key of the store, it was evidently as a symbol of the possession, and as giving the actual control of the store goods only ; they remained in possession of the general premises and household furniture, and if they had given the key of a fireproof or closet containing the papers, it might, with equal propriety, be urged as giving possession of the whole premises. Under the circumstances, I consider the key of the store was given for the sole purpose of securing the store goods, and that taking the inventory and making the public sale cannot be regarded as an entering into the possession of the demised premises, so as to bind the defendants, as assignees of the lease, to pay rent.

But it is contended that paying the current quarter's rent and

[Pratt v. Levan and Snyder.]

taking a receipt for the same is sufficient to bind the defendants. We must consider all the circumstances together. On the 4th of July 1822, the day on which the current quarter's rent was due, the defendants tendered to the plaintiff the key of the demised premises. Up to this moment the plaintiff had never demanded the key, nor in any way assented to the assignment. He refused to accept the key, and in so doing may have intended to hold Thomas and Leidy responsible, under their covenants, as his tenants, or the defendants'. The defendants then, considering him entitled to the said quarter's rent, paid it, and took a receipt, declaring that they had made no other use of the premises than to make the public sale, and thereby evidently protesting against being considered as consenting to accept by paying the rent, or from any other circumstance. It therefore appears to me that, under the circumstances connected with the evident protest, and the tender of the key, the payment of that quarter's rent cannot be regarded as an implied election to take the lease under the assignment, nor can the defendants be in any way held responsible for any rent which accrued subsequently.

The court therefore direct judgment to be entered, on the case stated, in favour of the defendants.

Judgment for defendants.