## MARTIN vs. BLACK.

Where, in a suit upon a judgment creditor's bill, a receiver of the defendant's property was appointed in October, 1841, and the defendant afterwards assigned his property to such receiver; and at the time of the appointment of the receiver the defendant was the tenant of certain premises, and on the 1st November, 1841, a quarter's rent became due; and afterwards the receiver took possession of the furniture on the premises and removed it therefrom; and soon after such furniture was removed, and while it was on the carts in the street near the premises, the landlord attempted to distrain the same for rent in arrear, but was prevented from doing so by the prior possession of the receiver; *Held*, that as the property was actually removed from the premises before the landlord attempted to exercise his right to distrain his right of distress was gone; and that he had no right to follow the goods, as they were not the goods of the tenant at the time of their removal; but if the term had been assigned to the receiver, at the time of the assignment of the furniture of the judgment debtor, and the receiver had taken possession of the demised premises, or had otherwise elected to take the term under the assignment, that he would have taken it *cum onere*, and for the time being would have been the tenant of the premises, and the removal of the furniture would have been a removal of the goods of the tenant, within the meaning of the statute.

The situation of a receiver is analogous to that of an executor, who cannot be charged as the assignee of a lease given to the testator, in case he waives the term; although the estate of the testator may be liable for the rent in the due course of administration, if the landlord refuses to re-enter.

At common law a distress for rent must be made upon the demised premises, and the right of the landlord to distrain terminates with the removal of the goods from the premises.

The statute which authorizes the landlord to pursue goods removed from the demised premises, and to seize them within thirty days after their removal, is confined to goods which belonged to the tenant at the time of such removal.

Where the goods of the tenant are turned out to a creditor, in payment of a debt, and are removed from the premises, the right of the landlord to seize such goods for rent in arrear is at an end, although the creditor has notice that there is rent in arrear.

But where the goods are remaining on the demised premises at the time the landlord attempts to exercise his right to distrain, and his only impediment is the possession of the court, by its receiver, the court will order the receiver to pay the rent in arrear out of the proceeds of the property, or will allow the landlord to proceed with his distress notwithstanding the receivership.

THIS was an appeal from a decision of the vice chancellor of the first circuit. A judgment creditor's bill

August 16.

1842.

Martin
v.
Black.

was filed in this cause, and a receiver of the defendant's property was appointed in October, 1841, and the defendant afterwards assigned his property to such receiver. At the time of the appointment of the receiver, the defendant was tenant to the appellant Graham, and his furniture was in the house upon the demised premises. On the first of November, 1841, $89,29 was due to the appellant for rent, and on the first of February thereafter the further sum of $51,25 became due. On the 28th of January, the receiver took possession of the furniture on the premises, and removed it therefrom. Shortly after the property was removed, and while it was on the carts in the street near the premises, the appellant attempted to distrain for the rent which was then due, but was prevented from seizing the goods by the prior possession of the receiver. He afterwards presented a petition to the vice chancellor for an order that the receiver deliver the property taken from the demised premises to the officer charged with the execution of the distress warrant, or that he pay the rent due out of the proceeds of such property. The vice chancellor decided that inasmuch as the goods had been actually removed from the premises by the receiver before the landlord had distrained upon them for his rent, his right to distrain was at an end ; the property removed not being the property of the tenant, but the property of the receiver, to whom it had been previously assigned. The petition was therefore denied, with costs.

*W. C. Noyes*, for the appellant.

*J. Holmes*, for the respondents.

THE CHANCELLOR. Where the goods are remaining on the demised premises at the time the landlord attempts to exercise his right to distrain, and the only impediment to the exercise of the right is the possession of the court, by its receiver, it appears to be the settled practice in England to order the receiver to pay the arrears of rent out of

the proceeds of the property, or to permit the landlord to proceed with his distress notwithstanding the receivership. (*Smith's Off. of Rec.* 78. *Dixon* v. *Smith*, 1 *Swans.* 457.) In this case, however, the property was actually removed by the receiver before the landlord attempted to exercise his right to distrain. And as by the common law the distress must be made upon the demised premises, the right of the landlord terminated with the removal of the goods, unless he can bring his case within some statutory provision. In the case of bankruptcy, the landlord may distrain the goods of the bankrupt upon the demised premises, even where the messenger is in the actual possession of the goods. (*Ex parte Plummer*, 1 *Atk. Rep.* 103.) But if the landlord suffers the goods to be removed from the premises, by the assignee of the bankrupt, previous to his exercising the right to distrain, he loses his remedy by distress, and can only come in rateably with other creditors for the amount due for rent. (*Coote's Land. and Ten.* 470. *Henley's Bank. Law*, 304.) So if the goods of the tenant are turned out to a creditor in payment of a debt, and removed from the premises, although the creditor has notice that there is rent in arrear the right of the landlord to seize such goods for the rent in arrear is at an end. (*Bach* v. *Meats*, 5 *Maule & Sel. Rep.* 200.) For the statute authorizing the landlord to pursue goods carried off the demised premises, and to seize them within thirty days, is in terms confined to goods which belonged to the tenant at the time of such removal. (2 *R. S.* 413, § 17. *Frisbey* v. *Thayer*, 25 *Wend. Rep.* 396. *Postman* v. *Harrell*, 6 *Carr. & Payne*, 225.) The property in the present case had been assigned to the receiver previous to the removal, and therefore was not the property of Black, the judgment debtor, at the time it was removed from the premises by the receiver.

If the demised premises themselves were in fact assigned to the receiver at the time of the assignment of the furniture of the judgment debtor, and the receiver had taken possession of the premises or had otherwise elected to take the

1842.

Martin
v.
Black.

term under the assignment, he would have taken it *cum onere,* and for the time being would have been the tenant of the premises; and a removal of the furniture would have been a removal of the goods of the tenant, within the meaning of the statute. (*See Welch* v. *Myers,* 4 *Camp. Rep.* 369.) But it does not appear by the papers before me that the term was in fact assigned. And even if the assignment was broad enough to embrace it I think the receiver would not become the tenant, so as to render him personally liable for the rent or for the performance of other covenants in the lease, without taking possession of the premises, or doing some other act signifying his election to accept the term as a part of the property of the judgment debtor. The situation of the receiver in this case is analogous to that of an executor; who cannot be charged as the assignee of the lease if he waives the term, the income of which is not sufficient to pay the rent, although the estate of the testator may be liable for the rent in the due course of administration, if the landlord refuses to re-enter. (*Went. Off. of Ex.* 245. 2 *Will. Ex.* 1079. *Per Macdonald, C. B.* 3 *Anst. Rep.* 909.) Such, also, is the law in relation to the assignee of a bankrupt. If the assignee elects to waive the term, and neither enters upon the demised premises nor does any other act signifying his acceptance of the term as assignee, he is not liable for the rent; and the lessor must come in as a general creditor of the bankrupt's estate, or may sue the bankrupt for the rent subsequently accrued. (*Bourdillon* v. *Dalton,* 1 *Peake's N. P. C.* 238. *Wheeler* v. *Beamah,* 3 *Camp. Rep.* 340. *Copeland* v. *Stephens,* 1 *Barn. & Ald. Rep.* 593.) But if the assignee enters upon the demised premises, or does any other act which is equivalent, to signify his assent to accept the term as the assignee of the lease, he will become the tenant of the premises and render himself liable for the rent. (*Thomas* v. *Pemberton,* 7 *Taunt.* 206. *Clark* v. *Hume,* 1 *Ryan & Moody's Rep.* 207. *Hanson* v. *Stevenson,* 1 *Barn. & Ald. Rep.* 303.)

In the present case the receiver had done no act indi-

cating his acceptance of the term, even if it was embraced in the general assignment of the property and effects of the judgment debtor. The landlord therefore had no claim to follow the goods which belonged to the receiver, as such, and were not the goods of the tenant, at the time of their removal. It follows from this view of the case that the decision of the vice chancellor which is appealed from was right. And it must be affirmed, with costs.