By the Court, Bronson, J.
Notice of rent due must be given and the necessary affidavit made by the landlord or his agent. (1 It. B. 746, § 12.) Mr. Folger was not in a condition to give a good notice, and make the necessary affidavit. He was not the agent of the landlord for that purpose. He had only been employed as an attorney, by the agent of the landlord, to take measures for a distress; and he knew nothing about the facts beyond mere hearsay. The notice given on the 9th of December, before the sale, must therefore be laid out of the case.
At common law, the landlord could only distrain while the goods remained on the demised premises, and before they had been seized by an execution creditor. But now, by statute, the landlord may follow and distrain goods which have been frau *384 dulently removed; (2 R. S. 502, § 15 to 18.) And he may be preferred over the execution creditor by giving notice to the officer of rent due before the goods are sold. (1 id. 746, § 12 to 14.) Here, the notice by the agent was not given until after the sheriff had sold; and it was then too late. In Beekman v. Lansing, (3 Wend. 446,) notice after the sale, and while the money remained in the sheriff’s hands, was held sufficient. But that was a decision under the old statute, which did not in terms require a notice. (1 R. L. 437, § 12.) The courts held that there must be a notice; but as they settled the whole practice under the law, they held also that notice after the sale, and before the money had been paid over, was sufficient. Since that time the whole matter has been regulated by the legislature, and the statute not only requires a notice, but that it should be given before there has been a sale of the goods. As this statute is in derogation of the common law, it must be strictly pursued, or the landlord will acquire no rights under it.
It is said, the sheriff had notice before the sale that rent was due, by means of the distress warrant which was delivered to him on the fifteenth of November. But the notice required by the statute is something more than mere knowledge that rent is in arrear. It is in the nature of legal process for the collection of the debt. (Millard v. Robinson, 4 Hill, 604.) When a proper notice is given, the tenant may prevent a sale by executing a bond to the landlord in the prescribed form. (1 R. 8. 746, § 15.) The sheriff could not justify a sale to pay the landlord, as well as the execution creditor, merely because he happened to know, by means of a distress warrant or otherwise, that rent was in arrear.
The landlord can claim nothing under the notice of the fifteenth of December, because it came too late. That settles the question between the landlord and the execution creditors. The plaintiffs must be paid the balance of their debt, whether the landlord gets any thing or not. The plaintiffs must also be paid as against Stirling, the assignee of the defendant, because they had acquired a lien by the levy of the execution prior to the *385 sale of the goods. The assignee took the property subject to the lien.
The only remaining question is between the landlord and Stirling, the purchaser. The landlord had no remedy by distress, for the reason that the goods had been sold by the tenant for the payment of his debts, and the assignee had taken possession and removed the property from the demised premises. At the time of the removal, the goods did not belong to the tenant, and the landlord cannot follow and distrain the goods of another person, although they were subject to ■ distress while on the demised premises. And it makes no difference that the purchaser knew the rent was in arrear. (Frisby v. Thayer, 25 Wend. 396; Martin v. Black, 9 Paige, 641; Coles v. Marquand, 2 Hill, 447.) And besides, the landlord did not in fact distrain. He issued a warrant; but nothing was done under it.
If the notice given after the removal of the goods, but before the sale, had been sufficient, there might have been some difficulty in settling the conflicting claims of these three parties. But that notice was not given by the proper person ; and the other came too late. As the landlord acquired no priority over the execution creditors, I see no principle upon which he can be preferred to Stirling. As against a purchaser from the tenant, the remedy of the landlord is by distraining the goods before they are removed from the demised premises.
The result is, that the plaintiffs must be paid the balance remaining due on the execution; and the residue of the money must go to Stirling. The landlord gets nothing.
Ordered accordingly.