By the Court—Hoffman, J.
The first question arises upon the complaint, and the alleged insufficiency of its allegations to show a cause of action, and the irrelevancy of the proof to such allegations. The complaint, as now shown by the judgment roll, sets forth a lease of the 8th of October, 1855, by William Smith, to David Rowland, for the basement of the store, No. 25 Maiden lane for five years from the 1st of May, 1856, at the annual rent of $2,500, payable 1st August, November, February and May; and that on the 1st of May, 1857, William Smith, the lessor, assigned and transferred such indenture of lease, and that the said plaintiff became thereupon the owner thereof. That said Rowland, subsequent to such assignment attorned to the plaintiff, and paid rent to him under such lease.
That said Rowland remained in possession of such demised premises, until the — day of-, 1857, when, by an instrument in writing, under seal, and then and there delivered to the defendant, he assigned to him the lease aforesaid; that defendant accepted the said assignment, and by virtue thereof entered into the said premises and took possession thereof, and actually used, occupied, and remained in possession of the same, thenceforth until the 6th day of November, 1857, or thereabouts.
It then avers that neither said Rowland nor the defendant have paid the sum of $312.50, being the balance for a quarter’s rent, which became payable on the 1st of November, 1857, and demands judgment therefor.
It is sufficient to say that the complaint as thus found in the judgment roll is free from the marked defects in that printed in the case. Copies were allowed to be produced *138 on the argument. It was the duty of the appellant to have printed the roll, which he neglected; and the court is now at liberty to resort to it.
On the trial, the plaintiff read in evidence the lease from Smith to Eowland mentioned in the complaint, and the assignment by Smith to the plaintiff.
An assignment from Eowland to the defendant was also proven, dated the 10th of September, 1857, and testimony was adduced as to the defendants entering into possession of the premises under such assignment, about the time of its date.
The defects then in the complaint are merely the omission of the date of the assignment to the defendant and the time of its delivery, and of the defendants entering into possession. It may be that the complaint itself would have been, upon a reasonable construction, held sufficient;" or at least subject only to a motion to make it more definite. But whether so or not, the evidence has supplied a defect, the existence of which, and its correction by the testimony could not have surprised or injured the defendant. Bowdoin v. Colman, (6 Duer, 183,) and Bennett v. Judson, (21 N. Y. R., 24,) are sufficient authorities to warrant our treating the complaint as if amended on the trial, if any amendment was necessary.
The principal point upon the merits is, that there is no evidence to show that the defendant took possession of or used the premises in question, except for the purpose of taking possession of the goods of the assignor, and removing- them.
The evidence of possession when the plaintiff rested, was but just sufficient to go to the jury. The Judge denied a motion for a nonsuit, and then further testimony produced by the defendant, established that possession was taken by him on the 10th of September, the day of the assignment ; none of the goods were taken away, until after the 21st of September; 'and a part of them was then taken by the Sheriff under an execution. He left some of the goods. Some were removed by the defendant, three or four days *139 before the 1st of November. Not more than three or four dollars’ worth of goods were sold. The Sheriff levied upon all the goods in the store on the said 10th of September. He took away more goods two or three weeks after the first levy, among them, two safes. This was after the 1st of November. The defendant claimed the property from the Sheriff. The witness Gouge was in the store when the defendant came to take possession; he was directed to lock up the safes, and bring the keys; that was his only direction. He gave the keys to the defendant oii the 10th of September. The defendant sued the Sheriff for the goods levied upon, .and on the trial swore that he took possession of the store and goods on the 12th of September, between 12 and 1 o’clock. In his complaint he swore that the defendant, the Sheriff, (with others,) had entered upon his premises. The property left by the Sheriff, besides the safes, was very considerable. The defendant was seen at the store every day or two.
The lease was expressly assigned in the assignment to the defendant.
The learned Judge charged, that if the jury found that the defendant accepted the lease as a part of the assigned estate, and used and occupied the premises as though they were his own, he would be liable for rent to accrue while he held the lease. But if they found that the defendant did not accept the lease as a part of the assigned estate, or claim, or use the premises as his own, but occupied them for the purpose of enabling him to take possession of, and sell and remove the property assigned to him, and that the time during which he occupied them was, under the circumstances, reasonable, then he was not liable.
No exception was taken to this part of the charge. Certainly it was as favorable to the defendant as could properly be m ade. (Martin v. Black, 9 Paige, 643 ; Young v. Peyser, 3 Bosw., 308 ; Astor v. Lent, 6 Bosw., 612.) The opinion of the Court in Lewis v. Burr, [see next case,] fully sustains the charge in the present case; and the principle that an assignee is liable for rent, if he accept *140 an assignment of the lease and enter into possession claiming the premises under such assignment, although he be an assignee for the benefit of creditors. What has now been said, disposes of all the points of the defendant, except the third, which relates to the transaction between Rowland and Gouge. We think that the views which the judge took of this at the trial, and the mode of submitting the question arising upon it to the jury, were perfectly correct. There was evidence to justify the jury in finding that there was not an executed instrument, and that the arrangement had fallen through.
The judgment must be affirmed, with costs.
Ordered accordingly.