By the Court — Bosworth, Ch. J.
James Sharp, on the 28th of January, 1860, was the lessee of one Ossian L. Hatch, and as such lessee, held a lease of a part of the store aud basement of Ho. 26 Church street, in the city of Hew York, at an annual rent of $1,500 payable quarterly, which lease, by its terms, was for four years and nine months from May 1st, 1859.
On the 28th of January, 1860, Sharp, by a written assignment, assigned all his property, real and personal, to the defendant, in trust for the benefit of the creditors of Sharp. The assignment did not specify the lease as part of the property assigned.
The assignment was executed by the defendant, and it recites that he “ shall, and does, hereby and hereunder, take possession of all and singular ” the property thereby assigned. When the assignment was executed, there was a stock of goods on the demised premises belonging to the assignor.
It is agreed by the parties, as facts in the case, that on said 28th of January, “ the defendant, as such assignee, entered the demised premises, took possession of the stock embraced in said assignment, took an inventory thereof; *142 and the assignor, Sharp, with the approval of the defendant, exhibited the entire stock for sale, on the demised premises, to two persons. The inventory was completed on the 30th. The defendant, on that day, at the auction room of several auctioneers, negotiated for the removal and the sale by auction, of said stock of goods, and on the 31st of January, he removed all of said stock of goods from said premises, and the defendant has not since that time, nor otherwise than as above stated, actually occupied the same.”
“ That the time taken to make said inventory, was reasonable and necessary.
“ The rent reserved in said lease, is greater than the value of the use and occupation of the demised premises.
“ The defendant has not in any manner assigned or disposed of his right, title, and interest (if any he ever acquired) in the lease.”
Is the defendant, upon these facts, liable for the quarter’s rent,- $375, falling due February 1st, 1860 ?
That rent has not been paid, and the plaintiff, as assignee of the lessor’s claim for it, seeks to recover it from the defendant.
We regard it as settled, that an assignee in bankruptcy does not, by the mere force of the assignment and his acceptance of it, become the assignee of an unexpired term of a lease which the bankrupt may own when the assignment is made, in such sense that he cannot decline to accept the term, and avoid incurring liability as assignee for subsequently accruing rent. The assignee may decline to accept of the term, and in that case will not be liable as an assignee of the lease. But if he enter into the possession of the demised premises and occupy them as such assignee, he will be liable for rent accruing during such occupation. He will not become liable by merely entering into the demised premises, for the purpose of taking possession of other property of the bankrupt and removing it. (Martin v. Black, 9 Paige, 644 ; How v. Kennett, 3 Ad. *143 & Ellis, 659 ; Hanson v. Stephenson, 1 Barn. & Ad., 304 ; Copeland v. Stevens, id., 594.)
If a voluntary assignee of property in trust for the benefit of the creditors of the assignor, stands in the same position, then the only question will be, whether the defendant has done any acts signifying his assent or election to accept of the term.
There is no doubt that if he accepts of the term as assignee, he will be liable for rent accruing whilst he holds the estate as assignee. (Patten v. Deshon, 1 Gray, 329.)
So a mere equitable assignee of a lease, who as such, has entered into possession and occupied the demised premises, is liable for the rent accruing during such occupancy. (Jenkins v. Portman, 1 Keen, 435 ; S. C., 15 Eng. Ch. R., 455, note 2 ; Close v. Wilberforce, 1 Beav., 113.)
But may a voluntary assignee accept of the general assignment made by the assignor and reject the term? In the present case it does not appear that the assignee when he accepted of the assignment, knew that his assignor owned the lease; and the question is to be considered in view of this, as one of the facts in the case.
In Carter v. Warne, (4 Carr. & P., 191), Lord Tenterden, Ch. J., held and charged the jury, that a voluntary assignee of property in trust for the benefit of creditors, stood in the same position as an assignee in bankruptcy. This ruling is adverted to by Littledale and Pattesov, J. J., in their opinions in How v. Kennett, (supra.) But it can hardly be said that either of them expressed the opinion that it was accurate.
In Pratt v. Levan & Snyder, (1 Miles, 358), it was held that the voluntary assignee might reject the term, and that the same rules applied to him as to an assignee in bankruptcy. In that case, however, the lease was not assignable except by the written consent of the lessor, and that consent he never gave. (See Morris v. Parker et al., 1 Ashmead, 187.) The case of Carter v. Hammett, 12 Barb. S. C. R., 253, favors the same view. The N. Y. Common *144 Pleas in Journeay v. Brackley, (1 Hilton, 447), determine the precise point in favor of the voluntary assignee. Ho case has been cited which decides to the contrary.
The cases in this Court in which the voluntary assignee has been held liable, are not in conflict with the rule for which the defendant contends.
In Young v. Peyser, (3 Bosw., 308), the assignee entered into the demised premises and took possession thereof, by virtue of the assignment, and occupied the premises until he surrendered them and the lease to the plaintiff, who accepted them. The assignee was held liable for the rent which fell due during such occupation. The same rule was applied in Astor v. Lent, (6 Bosw., 612.)
The case of Muir v. Glinsman, (argued at the January and decided at the February General Term of this Court, 1856,) and commented on in Journeay v. Brackley, supra, (1 Hilton, 455-457), is not in conflict with the decisions in the latter case, or with that made in Pratt v. Levan, [supra.)
Muir v. Glinsman did not seek to charge the assignee personally, and the judgment pronounced at Special Term, directed that the quarter’s rent which fell due Hovember 1st, 1854, should be paid by the assignee out of the proceeds of the assigned property in his hands; the complaint alleging, and the answer not denying, that Glinsman had in his hands proceeds of the assigned property sufficient to pay such rent. Muir, on the 29th of April, 1854, leased to one James Grundy the second and third floors of the premises Ho. 442 Broadway, for two years, from the 1st of May then next, at $1,950 per annum, payable quarterly. In September, 1854, Grundy being in the occupation of the demised premises, and having become insolvent, assigned all his property (in trust for the benefit of creditors) to Glinsman. The latter immediately took actual possession of the premises and of the assigned property therein ; put a clerk in possession who continued therein, making sales therein until after the 1st of Hovember, 1854, when the quarter’s rent, which that action was brought to *145 recover, became due. The assigned property (including the lease) was mortgaged by a chattel mortgage made prior to the assignment, and in force when it was made. In the language of that case “ there was considerable of the assigned property left after satisfying the mortgage,” and “ part of the goods were sent from the store in Broadway to a store in Nassau street, and were returned after the mortgage was satisfied.” The goods so returned were sold on the demised premises.
The evidence justified the conclusions that the assignee entered the demised premises with intent to occupy them, and to occupy them as assignee by virtue of the assignment, and did so occupy them; and the Court thought the assignee had no ground of complaint in the fact that he was ordered to pay that quarter’s rent out of the moneys in his hands realized from the assigned estate, instead of paying it out of his own funds. (See Astor v. L’Amoreux, 4 Sand. S. C. R., 524 ; S. C., 4 Seld., 107 ; Childs v. Clark, 3 Barb. Ch. R., 52 ; Calvert v. Bradley, 16 How. U. S. R., 580.) If we are at liberty to follow the decisions made in Pratt v. Levan and Journeay v. Brackley, (supra,) there is nothing in the plaintiff’s equities which should disincline us to do so. (See opinion of Denman, Ch. J., in How v. Kennett, supra.)
Voluntary assignees of property in trust for the benefit of creditors, administer large estates ; and their appointment is a matter of almost daily occurrence; they are, by existing laws, placed on the same footing in respect to the costs of suits brought by and against them, as executors and administrators. (Code, § 317.)
They may maintain actions for the benefit of creditor^, to reach property which their assignor had disposed of, with intent to defraud. (Laws of 1858, p. 506, ch. 314.)
The same considerations of public policy which permits an assignee in bankruptcy, a receiver or executor, to reject a term which would be a charge instead of a benefit to the estate he is appointed to administer, would seem to favor *146 its application to a voluntary assignee for the benefit of creditors.
The recent legislation in this State, already referred to, seems to have its origin in the same views.
We think, therefore, that the defendant’s liability in this case depends upon the question, whether he entered under such circumstances as manifest his assent to accept the term.
The case concedes that the rent reserved is more than the value of the demised premises. It was, therefore, the duty of the assignee to waive the term, if he had the right to do so.
He was not in possession when the rent in question accrued; he has not paid any rent to the plaintiff. The assignment does not import that the assignor had any such property as the lease in question, nor does it appear that the assignor knew that he had. Had it appeared that the assignee knew when he accepted of the assignment, that the assignee owned this unexpired term, what effect should be given to that fact, it is unnecessary now to consider.
The case does not state that the assignee took possession <rf the demised premises.
It states that he entered them and “ took possession of the stock,” &c. And as it also states that he did not occupy the premises otherwise than to make an inventory of the goods and remove them, and stayed no longer than was necessary for that purpose, all having been concluded on the third day after the assignment was executed, we are of the opinion upon the facts as the parties have stated them, that his entry was solely for the purpose of possessing himself of his stock, and without any intent to accept of the term.
That he did nothiiig which could have led the plaintiff to suppose that he entered upon the premises with a view to take possession of them as assignee, even if the plaintiff knew, before the goods had' been removed, that any assignment had been made.
These views entitle the defendant to judgment.