By the Court — Bosworth, Ch. J.
The defendants were not entitled to a dismissal of the complaint. In their answer, they admitted “ entering into possession of the premises mentioned in the complaint (the demised premises) on the said 15th of March, 1861, (the day of the assignment,) and continuing therein until on or about the 23d day of April, 1861, for the purpose of disposing of the property of said Wedeles & Gutman, under the trusts of the said assignment.
The assignment was sufficient to transfer to them the lease and the unexpired part of the term thereby created, and to enable them to claim and appropriate it as a part of the assigned property. (Ringer v. Carn, 3 Mees. & Wels., 343.) They, in fact, had actual possession of all the demised premises, except the upper stories, until within about seven days of the day on which the term expired.
They collected from the under-tenants of the residue of the premises, the rent falling due May first, 1861, for the whole quarter ending on that day.
No explanation of the fact of receiving the rents, is attempted to be made. No evidence was given, as to the length of time reasonably necessary, to enable the assignees to remove the assigned goods from the demised premises. No notice was given to the plaintiff by the defendants, either at the time they entered or during their occupation, that they did not intend to accept the term, as assignees, or that their entry was merely for the purpose of removing the assigned property.
The only one of the assignees who was sworn, testified, that all he “ did on the premises was under and by virtue of the authority contained in the assignment.”
If their entry into and occupation of the premises themselves, “was under and by virtue of the authority contained in the assignment,” there can be no doubt, that such an entry and occupation, and the reception of the rents for the whole of that quarter, for the residue of the premises not occupied by them personally, constitute such conclusive evidence of an election to accept the term, *176 as made them liable for the rent of that quarter. (Astor v. Lent, 6 Bosw., 612; Journeay v. Brackley, 1 Hilt., 447; Ringer v. Carn, 3 Mees. & Wels., 343 ; Williams v. Bousanquet, 1 Brod. & B., 238; Wollaston v. Hakewell, 3 Mann. & Gr., 297; Paull v. Simpson, 9 Ad. & Ellis, N. S., 365; Astor v. Hoyt, 5 Wend., 603, 613-617.)
There may well be a distinction between the nature and extent of the liability "of an assignee in bankruptcy, under the act of 6 Geo. 4, § 75, which defines his liability, and that of the voluntary assignee of all the property of an assignor, in trust for the payment of debts, in respect to whom no similar statutory immunities exist. (How v. Kennett, 3 Ad. & Ellis, 659; Briggs v. Sowry, 8 Mees. & Wels., 729.)
The position of such an assignee resembles more closely that of an executor of a lessee. The latter is liable for all the debts of a lessee, so far as he has assets. Such an assignee is liable for the due conversion and application of the assigned estate to the payment of the debts, according to the provisions of the assignment. But as assignee he is not personally liable for the payment of any of the assignor’s debts; his liability is for the due execution of the trusts committed to him.
An executor of a lessee, whether he enters on the premises or not, is chargeable as executor in the detinet, because he cannot so waive the term as not to be liable for the rent so far as he has assets. (2 Williams on Ex’rs, 5th Am. from last Lond, edit., 1558, 1559 ; 2 Rob. Pr., pp. 99, 100.) If he accept” the executorship and enter on the demised premises, he is chargeable as assignee, in an action of debt or covenant, for the arrears of rent due after his entry, de bonis propriis. (Rubery v. Stevens, 4 Barn. & Ad., 241.) An executor, when thus sued, if the premises yield no rent, and he has no assets aliunde, or if he has assets of some value, but less than the rent, may protect himself by a proper plea, from liability beyond the rents which the lands yield. (Id.)
It seems illogical to hold then that an assignee, under *177 an assignment conveying all of the assignor’s property, and among other property a lease, (though not specified as part of the assigned property,) may accept of the assignment ; enter on the day of its date on all of the demised premises, excepting portions then in the occupation of sub-tenants of the assignors ; occupy as assignee the parts thus taken possession of by him until within seven days of the expiration of the lease, and collect from the subtenants rents for the whole of the last quarter, and yet not be liable as assignee of the lease. (1 R. S., 747, § 24.)
There are cases which hold that he is not liable where he enters merely to remove the assigned goods, and his conduct and acts show clearly that he did not intend to accept the term, or to enter upon the demised premises as being part of the assigned estate. (Martin v. Black, 9 Paige, 641; Carter v. Hammett, 12 Barb., 253.)
In Journeay v. Brackley, (1 Hilt., 447,) “ shortly after the assignment, the defendants [the assignees] notified the plaintiffs that they did not intend to take the building, and would have nothing to do with the lease, and should get the goods out as soon as possible.” (Id., 449.) The assignees were held not to be liable. In Lewis v. Burr, (8 Bosw., 140,) the assignee was held not to be°liable.
In Hanson v. Stevenson, (1 Barn. & Aid., 304,) which was against an assignee in bankruptcy, and arose prior to the act of 6 Geo., 4, (supra,) Lord Ellenborough, C. J., said: “ I know of no instance in which a deliberate act of taking possession has been curtailed of its full legal effect. If the assignees had wished so to curtail it, they should have entered upon the premises with a protest that their entry was not for the purpose of possessing- themselves of the premises as assignees, but not having done so, they have subjected themselves to the payment of rent.”
The opinions of Bayley and Abbott, J. J., are equally pertinent.
In the present case no such notice was given, nor is there any evidence tending to show that the assignees did not enter for the purpose of possessing themselves of the premises.
*178 Hausmann, in his testimony, does indeed say that “ At the time I went in there as assignee, I knew nothing about this lease, or the extent of the lease to Wedeles & Gut man.” But he does not say how soon he informed himself on this point. He must have soon ascertained that his assignors did not own the premises, and when informed • of that, had notice that they hired them of some one. The defendants continued in possession until just as the lease was expiring, and subsequently collected from the under-tenants, rent which fell due after the assignment was made. He does not pretend that they entered merely to remove the goods, and not to occupy, as assignees, the demised premises. They in fact occupied, as the answer admits, until the lease had only seven more days to run.
On such evidence I think the plaintiff has a right to a peremptory instruction, that he was entitled to recover. If he had a right to such an instruction, then the defendants cannot complain of any instructions to the Jury. Giving them the chance of a verdict, on any question of fact, was a chance to which they had no right.
But assuming that the case was a proper one for a Jury to determine, the exceptions to the charge are untenable.
The part of the charge first excepted to, is in accordancwith Williams v. Woodard, (2 Wend., 492,) and Acker v. Witherell, (4 Hill, 112.) The exception “ to all those parts (of the charge) which hold that if they took possession under the assignment, as assignees, they were liable for the rent,” need not be specially considered. That an assignee, thus taking possession, is liable, is affirmed by all the cases, and declared by statute. (1 R. S., 747, § 24.)
The only other exception in connection with the charge, is stated in the case to be “ to the refusal of the Court to charge the requests further than is embraced in the charge.”
The answer to this exception is, first, that the case does not state that the Judge refused to charge further, in regard to the requests, than he did charge. After the charge was, apparently, concluded, the defendants’ counsel requested *179 the Judge to charge further on two points. He did so ; no exception was taken to the charge on either of these two points, and no request was made to charge farther on any other points. This should have been done if greater particularity was desired. (Zabriskie v. Smith, 3 Kern., 322, 338.) Second. This exception embraces and covers all the requests, and excepts to an actual or supposed refusal to charge further on some or all, but does not call attention to any particular request, or indicate the propositions which the counsel supposed were not met by the charge.
The first request is not very intelligible, as a legal proposition. If by it was meant that it must appear, in order to charge the defendants personally, that they entered upon the premises, as assignees thereof, and that if they did not so enter, but were there, merely holding by sufferance or license of the assignors, they were not liable; then it may be answered that the Judge did so charge.
There was nothing in the case to which the third request could apply. The rent sought to be recovered, accrued after the assignment to the defendants was made, and after they had entered into possession.
The defendants had no right to the instruction contained in the fourth request. This is apparent from the reasons stated, why the complaint could not be dismissed.
The 5th and 6th requests need not be considered, further than to refer to what has been said in reference to the first request, as answer to the matter of the 5th; and that the case does not present any such question as is attempted to be raised by the 6th request.
Whether the lessees were able to pay the rent or not, was immaterial, and if it had been paid by them, it was for the defendants to show it, if they relied on that ground. This observation disposes of the 7th request.
As to the 8th request, it may be answered that the plaintiff has recovered on the original lease and an assignment of it to the defendants, which they accepted and under which they entered.
The 9th instruction requested, was given, as asked, *180 whether correctly or not it is no't important to inquire, as the verdict was against the defendants; who had the benefit of the instruction.
We have, in the foregoing views, considered every exception referred to in the defendants’ points, or called to our attention op the argument.
Judgment should be entered in favor of the plaintiff on the verdict.