BENJAMIN B. JOHNSTON, Plaintiff, *against* AUGUSTUS MER-
RITT, Defendant.

(Decided January 3rd, 1882.)

Where an assignee for benefit of creditors enters upon premises leased to
his assignor, merely to take possession of and remove the goods of the
assignor, and remains no longer than is reasonably necessary for that
purpose, without otherwise exercising his right to elect to take the term,
he is not liable for the rent.

CASE submitted without action.

The submission was as follows :

"Benjamin B. Johnston claims to recover of Augustus
Merritt, three hundred dollars, and Augustus Merritt resists
said action.
"The following are the facts upon which the said contro-
versy depends :
"Daniel Berrien, Theodore Berrien and Charles Reimer,
composing the firm of D. Berrien & Co., on March 11th, 1880,
hired and rented from D. Willis James, the building and
premises known as No. 231 Pearl Street, in the City of New
York, for the term of one year from May 1st, 1880, at the
yearly rent of twelve hundred dollars, payable in equal quar-
terly payments on the first days of August, November, Febru-
ary and May, until the expiration of said term.    In the month
of February, 1881, the said D. Willis James duly sold and
conveyed the said premises, No. 231 Pearl street, to this
plaintiff, subject to said lease, and on May 1st, 1881, the plaint-
iff was the owner of said premises.    That on April 11th, 1881,
the said Daniel Berrien, Theodore Berrien and Charles Rei-
mer, duly made a general assignment of all their property for
the benefit of their creditors to the defendant, and the defend-
ant thereupon duly qualified as assignee and entered into pos-
session of the assigned property.
"That said assigned property consisted in part of a stock of

goods, and of goods in the process of manufacture, which were in the demised premises, and the defendant took and entered into possession of said demised premises as assignee as aforesaid, for the purpose of performing his duties as such assignee, and occupied said premises for such purpose from April 11th, 1881, to May 1st, 1881, the date of the expiration of said lease.

" That said lease is not mentioned in the inventory filed on the making of said assignment.

" That the defendant has refused to pay the sum of three hundred dollars for one quarter's rent of said premises, which became due and payable under said lease, on May 1st, 1881.

" That said defendant tendered to the plaintiff the sum of one hundred dollars as and for rent for said premises during the time of his occupancy, which the plaintiff refused to accept as such rent.

" The question submitted to the court upon this case is as follows :

" Is the defendant liable to the plaintiff for the sum of three hundred dollars for the rent which became due and payable under said lease, on May 1st, 1881, to be paid by him out of the assets in his hands as such assignee ?

" If this question is answered in the affirmative, then judgment is to be rendered against the said Augustus Merritt for such sum with interest and costs.

"If it be answered in the negative, judgment is to be rendered in favor of said Augustus Merritt for his costs."

*M. S. Thompson,* for plaintiff.

*Thornton, Earle & Kiendl,* for defendant.

J. F. DALY, J.—Where an assignee under an assignment for the benefit of creditors enters upon premises leased by the assignor and occupies them for the purpose of possessing himself of the term as assignee thereof, an action may be maintained against him for the whole of the rent falling due while he is in possession (*Jones* v. *Hausmann,* 10 Bosw. 168). But

such an assignee who enters upon the demised premises merely to remove the goods and remains in occupation no longer than is reasonably necessary for such purpose, is not liable for the rent (*Lewis* v. *Burr*, 8 Bosw. 140). The assignee has the right to elect whether he will take the term as part of the assigned property. He will be allowed a reasonable time to ascertain whether the lease can be made valuable as an asset to creditors or not (*Journeay* v. *Brackley*, 1 Hilt. 447). He may reject the term, and is not liable unless he enters under the lease, or by some other act or omission to act determines his right to elect if he will take the lease (*Carter* v. *Hammett*, 12 Barb. 263).

In *Journeay* v. *Brackley*, the assignees took possession of the stock of the assignors, entering upon the demised premises to do so, with notice to the lessors that they would have nothing to do with the lease. They remained in possession of the premises 36 days, selling the stock partly at private sale and partly at auction.

The submission in this case shows that the term expired May 1st, 1881; that on April 11th, 1881, the assignee entered upon the demised premises, and remained there until the ensuing 1st of May, 19 days. The assignment did not mention the lease of the premises. The assigned stock of goods consisted partly of goods in the process of manufacture on the premises. The submission states that the defendant " took and entered into possession of said demised premises as assignee as aforesaid for the purpose of performing his duties as such assignee."

There is therefore nothing in the submission to show an election by the assignee to take the term, except his entry on the premises, but the statement that he took and entered into possession as assignee as aforesaid (*i. e.*, as general assignee for the benefit of creditors without a specific assignment of the lease) is qualified by the addition " for the purpose of performing his duties as such assignee, and occupied said premises for such purpose." His duty as assignee was to take possession of the goods on the premises, and to enter for that purpose, and to remove them, and we cannot say as matter of fact or

law that the period which elapsed from April 11th to May 1st was more than sufficient for the purpose.

I think judgment should be entered on the submission for the assignee with costs.

VAN HOESEN, J., concurred.

Judgment for defendant, with costs.