IN THE MATTER OF THE APPLICATION OF ADELIA L. OTIS, EXECUTRIX AND TRUSTEE, ETC., FOR AN ORDER DIRECTING THE PAYMENT OF RENT BY ALBERT STRASBURGER, AS COMMITTEE, ETC.

*Committee of a lunatic—is personally liable for rent, if he takes possession of premises under a lease held by the lunatic — he may be compelled to pay the rent by petition.*

Where the committee of a lunatic enters into so much of premises, theretofore demised to the lunatic, as were then occupied by him, and continues his business therein, for the purpose of selling his stock, and also collects rents from other portions of the demised premises which had been let by the lunatic to a sub-tenant, he becomes personally liable for the rent due to the lunatic's lessor. A petition is the proper proceeding whereby to compel him to pay the rent due.

Appeal by Albert Strasburger, as committee, from an order directing him to pay the sum of $8,125 and interest from the 1st of November, 1884.

*Gibson Putzell,* for Strasburger, committee, etc., appellant.

*John L. Cadwallader,* for petitioner Otis, respondent.

Daniels, J.:

The amount directed to be paid was for the rent of the premises occupied under a lease taken by the lunatic. After he was adjudged a lunatic and a committee was appointed for the management of his estate, the persons so appointed took possession of so much of the demised premises as had been occupied by the lunatic, and continued his business therein for the sale of his stock and the transaction of his business incidental thereto. That possession continued until the 1st of November, 1884, when the rent directed to be paid became due.

It was also shown that the committee had collected rents for other portions of the demised property which had been let by the lunatic to a sub-tenant, and these facts establish such a possession of the property in the committee as in judgment of law amounted to an acceptance of the lease. He had the possession of the property for the benefit of the estate committed to his charge and management, and enjoyed it for the advantage of that estate. His appointment alone as committee of the estate of the lunatic, without voluntarily entering into the possession of the property, would not have rendered him chargeable with the payment of the rent. But his election to take possession of the property under the right created by the lease, and afterwards making use of it for the benefit of the estate committed to his custody, were sufficient to charge him with the liability upon which the order was placed. For it has been held that an executor, assignee or receiver, who may enter into, and enjoy possession of, demised property in this manner, subjects himself to liability to pay the rent reserved as the equivalent for such use and enjoyment. This subject was considered very much at large in *Journeay* v. *Brackley* (1 Hilton, 447). The cases were there assiduously collected and considered, and this rule was deemed to be supported by them. A like examination was made

in *Morton* v. *Pinckney* (8 Bosw., 135). The proposition was likewise further considered in *Commonwealth* v. *Franklin Insurance Company* (115 Mass., 278), and *Woodruff* v. *Railroad Company* (93 N. Y., 609, 624). These two cases were those of receivers, but they do not differ in any essential respect from that of the committee who was held liable to pay in this instance. For their liability was not placed upon any circumstance peculiar to their office as receiver, but upon the fact that they had elected to take, and did enjoy the use and possession of the demised property. The liability was maintained exclusively upon this circumstance, which does not distinguish them in principle from the case of this committee. In *Moore* v. *Higgins* (decided by this General Term in October, 1884), the same principle was also acted upon and applied in the determination of the liability of a temporary receiver. As the law has been established, this committee rendered himself liable for the rent ordered to be paid, by the possession and use made by him of the demised estate, and the proceeding by petition to obtain the order is the course of practice sanctioned in *Executors of Brasher* v. *Van Cortlandt* (2 Johns. Ch., 242).

The order from which the appeal has been taken should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.