IN THE MATTER OF THE APPLICATION OF ADELIA L. OTIS, EXECUTRIX, ETC., AND OTHERS, FOR AN ORDER DIRECTING EUSTACE CONWAY, AS COMMITTEE, ETC., TO PAY CERTAIN RENTS.

*The committee of a lunatic is not personally liable for rent accruing on the unexpired term of a lease given to the lunatic, unless he take possession of the premises.*

At the time of the resignation of his position by a committee of a lunatic the committee occupied certain premises under a lease which had been given to the lunatic while sane, for a term which, at the time of such resignation, was still unexpired. The new committee, upon his appointment, gave to the landlord notice that he would not take possession of the premises, nor have anything to do with the lease.

*Held,* that the committee was under no obligation to pay, from the funds in his hands in preference to the claims of other creditors, the rent accruing after the service of such notice, and that an order requiring him to make such payment should be reversed.

*Matter of Otis* (34 Hun, 542) distinguished.

APPEAL from an order directing the appellant, as committee of the property of Oscar Strasburger, a lunatic, to pay certain rent. The petitioners demised the premises Nos. 443 and 445 Broadway, to Oscar Strasburger for five years, from January 1, 1881, at the yearly rent of $32,500, payable quarterly, on the first days of February, May, August and November, by a lease in writing, dated December 20, 1880.

The lessee entered into possession under the lease, and so remained, carrying on a general fancy goods and toy business, paying the rent until and including the 1st day of August, 1884.

In September, 1884, proceedings were had in the Supreme Court, in which said Oscar Strasburger was adjudged a lunatic, and Albert

Strasburger was duly appointed committee of his property. Albert Strasburger took possession of the demised premises, and thereafter used the premises. The lessors demanded of the committee the rent due November 1, 1884, and payment was refused, the committee claiming that he was liable only for the rent for the part of the quarter during which he was in possession.

The lessors presented a petition for an order directing payment by the committee out of the assets of the lunatic. The motion was granted, and an order made directing the committee to pay the rent due November 1, 1884, with interest, from which an appeal was taken to the General Term, and reported in 34 Hun, 542, where the order was affirmed. The rent so ordered to be paid was paid, and on February 1, 1885, another quarter's rent falling due, an application for an order directing payment was made in the same form, the order granted and the amount paid. In May, a motion was made for the payment of the rent due on May first. On this motion it was shown that a change had occurred; that the former committee had been discharged and Eustace Conway appointed committee, by whom the notice was given as set forth in the following opinion, to the effect that he would not take possession of the demised premises or assume the lease thereof.

*Francis Lynde Stetson*, for committee, appellant.

*John L. Cadwalader*, for petitioners, respondents.

Daniels, J.:

The rent ordered to be paid became due, under a lease executed by the lunatic, for the quarter ending the 1st of May, 1885. Prior to the commencement of this quarter, and after preceding the appointment of another person as committee of the estate of the lunatic, an order was made directing him to pay the rent of the premises, and under that order the rent at that time due, and afterwards accruing, was paid by that committee. That order was made upon proof of the fact that the person who was then the committee of the estate had taken the possession of the leasehold property and had used it in carrying on the business of the lunatic and disposing of his property under the rights secured by the lease. It was not held that he became liable to make payment simply because the lease formed a

part of the estate of the lunatic at the time of his appointment as committee, but that he had become liable to make the payment from the fact that he had taken the actual possession, and had the use and management of the leasehold property, and having that possession and use had thereby obligated himself to pay the rent accruing under the lease from which the right of possession was derived. (*Matter of Otis*, 34 Hun, 542.) And such is the tenor and effect of the authorities referred to in the decision which was then made. The rule upon this subject is general that if an assignee, executor or receiver, or any other person acquiring the right to do so in a similar manner, elects not to take the possession of the demised property, and enter into their use and enjoyment, that he will not be liable for the rent reserved in the lease, but will only make himsnlf liable by taking possession of and using the demised property. (*Martin* v. *Black*, 9 Paige, 641.) And the accuracy of this principle was fully recognized and sanctioned in *Woodruff* v. *Erie Railway* (93 N. Y., 609). It is the fact of possession and use, and not the right to take it, that will create the liability.

The person who was the committee of the lunatic's estate when the preceding order was made, resigned his office in January, 1885, and an order was made for the appointment, as committee, of the appellant. A contest afterwards arose as to the regularity of the proceedings, but which finally resulted in sanctioning the appointment of the appellant. After the order appointing him was first made he served a notice upon the attorneys for the applicants who seem to have represented them in the management of this business, by which he informed them that he should not take possession of these demised premises. This notice was served on or about the 17th of January, 1885. It was addressed to these attorneys and was subscribed by the appellant. By that notice he stated to them : "I desire to notify you that, by an order of the Supreme Court, made on the fifteenth day of January, I was appointed the committee of the property of Oscar Strasburger, within the State of New York, in the place of Mr. Albert Strasburger, resigned. I also desire to notify you that I shall not take possession of the premises Nos. 443 and 445 Broadway, in the city of New York, which were demised to Oscar Strasburger by a lease executed to him by Adelia L. Otis, executrix, and others, and shall have nothing

to do with the lease or the demised premises. I might say here that I am informed by the late committee that he has assigned his right, title and interest, if any, in said lease to some third person.

" Respectfully yours,

"EUSTACE CONWAY,

"*Committee.*"

And his own affidavit is positive to the fact that he at no time, in any manner, took possession of, or used and controlled the demised premises, or collected any rent of the subtenant of a part thereof, and that the lease of such premises had never passed into his possession. And this statement was no farther controverted than by an affidavit made by another person, on simple information and belief. The fact is therefore established that the present committee at no time had the use or possession of the demised premises, but that, on the contrary, he declined to exercise his right to take possession of them, and gave the attorneys of the applicants information that such was his purpose. This fact materially distinguishes the present application from the case that was made, which resulted in the order directing the former committee to pay the rent of these premises. The fact upon which the obligation of the committee to pay, rested, was there established, but is here entirely wanting. And as the liability arises out of the fact of possession and use, and not out of the mere right, and there has been no such possession or use by the present committee, it seems to follow very directly that no obligation existed upon his part to pay the rent otherwise than as a debt against the estate, entitled to no priority over the claims of other creditors. The order in the case should, therefore, have denied the application requiring the committee to pay the rent for this quarter out of the proceeds of the lunatic's property. It should be reversed and an order made denying the motion, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed and motion denied, with ten dollars costs and disbusements.