McAdam, C. J.
The only question on which the defendant asked to go to the jury, was as to whether the defendant had accepted the lease. This, on the evidence, was not a question of fact, but of law, because his acts amounted to an acceptance of it. A leasehold interest held by an insolvent debtor is property, in some cases valuable, which passes to his assignee under a general assignment for the benefit of creditors, whether mentioned in the instrument or not. The assignee knew of the existence of the lease; it was executed in his presence and was witnessed by and acknowledged before him, and he was put to his election whether to accept or decline to take it. If the lease is a valuable interest, the assignee owes it to the creditors he represents to accept and protect it, and' realize for their benefit whatever it may produce. If it be an interest of an unprofitable character, likely to create a charge upon the estate, it is his duty to decline to take it, leaving the landlord to take such remedy in respect thereto as he thinks best. If, however, the assignee, by agreement or by his acts, once elects to take, the election is final, and cannot thereafter be renounced. If the assignee enters for the purpose of inventorying, packing and removing the goods, accomplishes this task and abandons the premises within a reasonable time, these acts will not indicate an intention to accept the term, and he is not liable éither on the lease or for use and occupation, unless perhaps he persists in keeping the keys or declines to surrender possession, acts which might be construed into an exercise of ownership over the lease, inconsistent with a declination to accept it.
Instead of packing and removing the goods, abandoning the premises and surrendering possession, acts which would have made his intention not to accept clear, the defendant acted in the opposite direction, one consistent only with an election to take the term. He located on the premises, *340 put up his sign, continued clerks and employees and did business substantially as his assignors had previously ¡done, and this conduct continued for about three and one-half months. If these unequivocal acts do not amount to an election to take, it is difficult to imagine a case where an assignee by his conduct, could be held to have made such an election. He used, occupied and enjoyed the landlord’s property for the benefit- of the estate he represented, and exercised acts of ownership over the term as effectually as use occupation and ownership by a tenant are possible, and as rent issues out of such a use of property and- from nothing else, it is hard to reconcile these acts of the assignee on legal or business principles, except as indicative of an intention on his part to pay the reasonable value of the thing, which he had exercised the option of appropriating and enjoying. The defendant might have sent the goods, after they were packed, to an auction house or placed them on sale elsewhere, or he might even have closed the business. by sale at auction, had on the premises, for these acts if promptly done, would not have indicated an intention to accept the lease, for they were consistent with a faithful ¡performance of the assignee’s ordinary duties, but he could not run a business even as assignee, in the premises of another without doing what the common lot of people have to do in every community, and that is to pay rent for the privilege.
An assignee under such circumstances is not exempt from the ordinary business calls and burdens which the mercantile community in general have to bear, meet and provide for on pay day. Assignees are not privileged individuals in so broad a sense; they have rights and immunities it is true, but these are to be measured by the exigencies and circumstances which arise as they are called upon to administer their trust, with due regard of course to its character and importance and the occasion. They are appointed to act and their duties sometimes require diligent effort, and at all times demand more efficiency than comes from mere inertia. Their acts, like those of other individuals, are at times more expressive and impressive than their words. Indeed, the intent of a party is often proved by his acts; sometimes in contradiction of his word. While words may explain an act, they sometimes disguise it. Words may hide the truth, acts expose it, hence the rule that intent is generally infer-able from the act.
It needed no words to explain that the acts of the defendant constituted an election on his part, as the acts themselves are sufficiently expressive to be intelligently understood to mean that, without the aid of language. Assignees have a reasonable time to determine whether a *341 lease is of value to the estate, and they may for this purpose experiment with the sale of it. But they owe certain duties as well, and may incur liabilities in their performance, such as for fees of counsel, wages to employees engaged _ by them, and for material and labor in packing and removing goods, and even for rent of premises or warehouse accommodations. They cannot appropriate and use the property of another longer than the reasonable character of their duties requires, without making fair compensation in return. On the principles stated, we have failed to discover any logical reason in law, justice or morals which exonerates the defendant from liability for the use of the property he practically made his own for nearly three and a half months.
The letter sent October 7, 1885, to the effect that the defendant would not assume the lease, came too late. The defendant had then been in possession of the premises for two months, and the election previously made could not be recalled. This is the construction the law, in doing even justice between parties, impresses upon the defendant’s previous conduct. He did not abandon possession of the premises until November 22, 1885, and the verdict directed holds him for the rent during the time of his actual occupation, the period of which is not in dispute, for the defendant did not ask to go to the jury on this question, but on the single proposition of acceptance of the lease, which the law operating on the facts, settled adversely to the defendant. These views are in accord with the authorities. Burrill on Assignments (3d ed.), § 374; Hanson v. Stevenson, 1 Barn. & Ald., 303; Thomas v. Pemberton, 7 Taunt., 206; Clark v. Hume, 1 Ryan & M., 207; Jones v. Hausmann, 10 Bosw., 168; Journeay v. Brackley, 1 Hilt., 447; Johnston v. Merritt, 10 Daly, 308; Einstein v. Sommers, Court Journal of February 1, 1887.
The verdict was right, and the judgment entered upon it must be affirmed, with costs.
Nehrbas and Hyatt, JJ., concur.