(13 Misc. Rep. 56.)

KRUGER v. GALEWSKI.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. MOTION TO DISMISS COMPLAINT—WHEN MADE.
    A motion to dismiss the complaint on the ground that it does not state a cause of action cannot be made at the close of plaintiff's case after plaintiff had proved facts entitling him to recover.

2. MONEY HAD AND RECEIVED—EARNEST MONEY.
    An action for money had and received will lie by a purchaser to recover earnest money on the ground that title was not as represented by the vendor. 30 N. Y. Supp. 1060, affirmed.

Appeal from city court, general term.

Action by Max Kruger against Bernard Galewski. The complaint alleges that defendant received $250 from Jacob Pfeiffer on or about December 11, 1891, to the use of said Pfeiffer. It also alleges a demand thereof by Pfeiffer, and refusal by defendant to pay the same, and assignment to the plaintiff. The answer was a general denial. From a judgment of the city court (30 N. Y. Supp. 1060) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Gustave S. Drachman, for appellant.

Alfred D. Lind (Henry M. Goldfogle, of counsel), for respondent.

DALY, C. J. The principal contention of appellant is that the complaint fails to state facts sufficient to constitute a cause of action, and that the complaint should have been dismissed. The motion to dismiss the complaint for that reason was not, however, made until the close of the plaintiff's case, and after plaintiff had proved facts entitling him to a recovery. I find no authority holding that, at such a stage of the case, objection may be taken to the pleading on the grounds stated. On the contrary, it has been held that where facts essential to a cause of action, and which might be supplied by amendment, are omitted from the complaint, but those facts are proved at the trial after the judge has refused to dismiss the complaint, the defect of statement is no ground of appeal to the appellate court (Lounsbury v. Purdy, 18 N. Y. 515), or even of review by the general term (Morton v. Pinckney, 8 Bosw. 135). Although these authorities are affected by the decision in Tooker v. Armoux, 76 N. Y. 397, the rule in the latter case is only applicable where the

motion to dismiss the complaint for want of facts sufficient to constitute a cause of action was made at the opening of the trial, and before evidence is taken, and where objection is duly interposed when proof is offered of the facts which are not pleaded. In this case the motion was not made at the opening of the trial, and the evidence of the cause of action offered by the plaintiff was not objected to. Under these circumstances, the defect in the complaint must be deemed to have been waived; and it only remains to inquire as to whether a cause of action for money had and received was made out by the proof, and whether the various other exceptions taken at the trial require that the judgment should be disturbed.

The proof showed that the plaintiff's assignor, Philip Pfeiffer, paid to the defendant $250 on December 11, 1891, by a check to defendant's order, which was duly cashed, and the money received by the defendant; that this payment was a deposit on account of the purchase price of property which the defendant was about to contract to sell to said Pfeiffer; that defendant, in answer to an inquiry as to a mortgage upon the property, stated that the first mortgage was to run three years, and in reliance upon that statement the deposit was made. It subsequently appeared that the mortgage had less than a year to run, and Pfeiffer declined to take the property, and that the $250 had been demanded of defendant, and defendant had refused to repay it. The finding of the jury in plaintiff's favor established these facts, although defendant disputed the alleged representations as to the mortgage. These facts supported a cause of action for money had and received. Such an action may be maintained to recover back money obtained by fraudulent representations (Byxbie v. Wood, 24 N. Y. 607); and to recover back money paid on a contract for the purchase of real estate where the purchaser had an option to rescind within a certain time, and demand back the money (Eno v. Woodworth, 4 N. Y. 249); and if the money had been paid upon a mutual mistake as to the time that the mortgage had to run, without fraud or false representation on the part of the vendor, an action for money had and received would lie.

The exceptions taken by defendant upon the trial, and discussed upon his brief, show no error. Plaintiff offered in evidence, as an assignment of the cause of action, a transfer of all of Pfeiffer's claim and demand against defendant by reason of the check given for the deposit above referred to; and this was objected to, on the ground that the assignment was not for the cause of action sued upon; but the proof connected it with the identical payment for which the action was brought, and such proof, as before remarked, had been received without objection.

The motion to dismiss the complaint at the close of the plaintiff's case, on the ground of a material difference between the complaint and the proof, was properly denied. The facts proved did not in any respect differ from those alleged in the complaint, but only supplied omissions in the pleading, of which defendant had not taken advantage in the proper manner or at the proper time.

The objection to the question put to defendant by his counsel as to his readiness and willingness to convey to Pfeiffer upon the latter's compliance with the terms and the conditions of the contract was properly sustained, as that was not the issue in the case, which was whether plaintiff's assignor was justified, upon the facts, in refusing to take the property.

Payment by defendant of commissions for brokerage did not affect the issue one way or the other, and evidence and all questions respecting such payment were properly excluded.

The judgment and order appealed from must be affirmed. All concur.