COMMONWEALTH *vs.* FRANKLIN INSURANCE COMPANY.

Suffolk.    April 1. — June 20, 1874.    COLT & AMES, JJ., absent.

Receivers, appointed in pursuance of the Gen. Sts. *c.* 58, § 6, of an insolvent insurance company, are not responsible merely by accepting the trust and receiving the assets of the company, on the covenants of a lease previously made by the company. To bind them there must be an election on their part, or some act equivalent in law to an election.

A. made a lease of a building to an insurance company for $1250 a quarter; the company removed from the building and allowed B. to occupy it, and hired another building from B.; for which they agreed to pay the same rent that was due from them to A. under the first lease. By a verbal agreement between the company and B., the company continued to pay A. the rent due under the first lease and paid no other rent. The company afterwards removed to a third building and underlet the second to C. The company then became insolvent and receivers were appointed. Before the January rent became due B. threatened to eject C. unless the rent was paid. C. notified the company and the receivers. A proposition was made to the receivers by B. to take $1250 on January 1, and a dividend as the rent due April 1, when all the leases terminated. The receivers took no formal action on this, but on January 1, one of them gave B. a check for $1250, and collected $1200 of C. This check was indorsed and paid to A. as the rent of of the first building. *Held,* that this was an election on the part of the receivers to pay to B. a dividend on the rent of the second building due April 1, but that it was not an election on their part to pay rent of the first building to A.

Two PETITIONS : one of William S. Bullard and others, trustees, that the receivers of the Franklin Insurance Company should be ordered to pay them the rent of a building No. 44 State Street, Boston ; the other of George Higginson and others, members of the firm of Lee, Higginson & Company, that the said receivers should be ordered to pay them the rent of a building at the corner of State and Devonshire Streets, Boston.

Hearing before *Morton,* J., who reported the case to the full court as follows :

" The Franklin Insurance Company for many years occupied as their counting-room premises now numbered 44 State Street. In the year 1871 the occupation of this company was under a lease from William S. Bullard and others, trustees, at a yearly rent of $5000, which lease expired April 1, 1873.

" Under the agreement with Lee, Higginson & Co., hereinafter set forth, the Franklin Insurance Company vacated 44 State Street in the year 1871, when Lee, Higginson & Co. as occupants and tenants entered into possession thereof, and still continue such occupation ; but said Franklin Insurance Company continued to pay to said Bullard and others, trustees, the rent and taxes due and payable under and by virtue of said lease, and said trustees never released said company from any of its covenants or obligations under said lease.

" As an inducement for this change of occupation, Lee, Higginson & Co. paid said insurance company $10,000 in cash, procured and underlet to said company rooms at the corner of Devonshire

and State Streets, under a lease expiring like the former on April 1, 1873, and reserving the same amount of rent; viz., $1250 a quarter, and agreed verbally with said company that payment by the latter of the rent and taxes due said trustees should be equivalent to payment of rent under the new lease; in other words, that said company should pay rent under one lease only, viz., under the lease from said trustees.

" Under both leases $1250 became due and payable on the first day of January, and first day of April, 1873, but no taxes then.

" In the fall of the year 1872, said company moved from the premises at the corner of State and Devonshire Streets to a third counting-room, No. 46 State Street, and verbally underlet to the Eliot National Bank the room at the corner of State and Devonshire Streets, for the remaining term of the lease from Lee, Higginson & Co., for the sum of $1200. The Eliot Bank occupied the same from October 1872, till after April 1, 1873.

" By decree of this court the Franklin Insurance Company passed into the hands of receivers on December 3, 1872. In December, Lee, Higginson & Co. threatened to eject the Eliot Bank unless the quarter's rent due January first was paid, amounting to $1250. Said bank notified said company and receivers of this threat and demand. Various propositions were made by the counsel of Lee, Higginson & Co. to said receivers relative to a settlement of the claim ; among others, a proposition in writing to take $1250 on January first, and a dividend as the rent and taxes due April first.

" No formal action was taken in regard to this by the receivers, but on January 1, 1873, one of the receivers paid Lee, Higginson & Co. $1250, and collected of the Eliot Bank $1200. The check for $1250 was indorsed and paid to said trustees as rent of 44 State Street. Said trustees had always received said rent by check of said insurance company. No rent was paid on either lease April 1, 1873. No taxes were due.

" The petitioners, said trustees, claim $1250, the whole rent due April first, or a dividend thereon, *pro rata*, with other creditors. The petitioners, Lee, Higginson & Co., claim a like dividend on the same sum, but admit that under their agreement with said company, if either claim of said trustees is allowed, they, Lee, Higginson & Co., have no claim."

*F. V. Balch*, for Bullard and others.

*W. Minot, Jr.*, for Lee, Higginson & Co.

*A. Jackson*, for the receivers.

ENDICOTT, J. The first question to be considered is the claim of Bullard & others, trustees, for payment of rent of 44 State Street, from January 1 to April 1, 1874, under their lease to the Franklin Insurance Company. The receivers who were appointed December 3, 1872, were not responsible for this rent merely by accepting the trust, and receiving the assets of the Franklin Insurance Company. *Hoyt* v. *Stoddard*, 2 Allen, 442. They could have elected to take possession, and assume the liability to pay the rent, according to the covenants of the lease, if they had deemed it for the interest of the creditors so to do, but until such election, or the doing of some act, which would in law be equivalent to an election, they are not liable. As receivers they cannot be held merely on the covenants, but become liable solely by reason of their own acts. *Turner* v. *Richardson*, 7 East, 335.

It is not contended that the receivers were in possession, or did any act on the premises, but the claim is made that the payment of the rent due January 1, 1873, was equivalent to an election, and that they are therefore bound to pay the rent for the following quarter, or in other words, until the expiration of the lease. It is true that the check, by which the rent for 44 State Street due January 1, was paid, was the check of the receivers payable to Lee, Higginson & Co., and indorsed by them to Bullard & others, trustees, and was accepted by the trustees as a payment under their lease to the Franklin Insurance Company. But upon the facts reported this check was not given in settlement of the rent, then due for 44 State Street, but in pursuance of a compromise entered into with Lee, Higginson & Co., in regard to the occupation of the office at the corner of State and Devonshire Streets, under the lease from Lee, Higginson & Co. to the Franklin Insurance Company. This payment was made as one of the stipulations of the compromise, and in part performance of it by the receivers. Another stipulation was that the receivers should pay a dividend on the rent and taxes due April 1, 1873, on the same premises. The check being given under that compromise, and for that purpose, no inference can be drawn from its use by Lee, Higginson & Co. for another purpose forming no part of the

compromise. The fact that they did so use it does not bind the receivers, and is not equivalent to an election to take the lease of 44 State Street, for the benefit of the creditors, while it does clearly indicate an election to assume the liability for the rent of the office on the corner of State and Devonshire Streets. There must be some occupation and use of or some dealing and intermeddling with the estate, or some act, admission or agreement which in terms, or by necessary implication, indicates an election. *Copeland* v. *Stephens*, 1 B. & Ald. 593. *Thomas* v. *Pemberton*, 7 Taunt. 206. *Hill* v. *Dobie*, 8 Taunt. 325. *Ansell* v. *Robson*, 2 Cromp. & J. 610. *Hanson* v. *Stevenson*, 1 B. & Ald. 303. *Ex parte Faxon*, 1 Lowell, 404. *Martin* v. *Black*, 9 Paige, 641. The petition of Bullard & others must therefore be dismissed.

The second question arises on the petition of Lee, Higginson & Co., for allowance of the rent claimed to be due them April 1, 1873, under their lease to the Franklin Insurance Company. We think the receivers, by their dealings and agreement with Lee, Higginson & Co., have elected to take this lease, and to pay the rent and taxes according to its covenants. But the agreement by which this was done stipulates for the payment of a dividend only on the rent and taxes due on that date. Lee, Higginson & Co. are therefore entitled to such dividend on the amount of rent and taxes so due as is paid to other creditors.

*Decree accordingly.*