GEORGE C. ABBOTT, assignee, *vs.* CATHERINE E. STEARNS & others.

Middlesex.    Jan. 29. — March 3, 1885.    DEVENS, W. ALLEN, & COLBURN, JJ., absent.

The Court of Insolvency may order the assignee of an insolvent estate to pay out of the assets a reasonable sum for the use of leasehold property, by the messenger and assignee, for the storage, sale, and delivery of goods of the insolvent estate, until the lease is disclaimed by the assignee in the manner provided in the Pub. Sts. *c.* 157, § 26.

FIELD, J. This is a petition to this court, under the Pub. Sts. *c.* 157, § 15, to revise a decree of the Court of Insolvency. An application was made to that court by the lessors, alleging that a benefit had accrued to the estate by the use of the leasehold premises for the storage, sale, and delivery of the goods of the insolvent debtor, and praying that the assignee be ordered to pay the petitioners a reasonable sum for the use and occupation of the premises.

Before the St. of 1879, *c.* 245, § 1, the lessor might prove his claim against the estate of the lessee in insolvency for rent which had by the terms of the lease become payable before the time of the first publication of the notice of issuing the warrant; the subsequently accruing rent could not be proved, and the liability of the lessee therefor on his covenants to pay rent was not discharged, if he obtained his discharge in insolvency. There was no provision in the statutes for apportioning the rent between two rent days. The assignee in insolvency, although the lessee's title vested in him by operation of law, did not become chargeable with rent unless he accepted the lease; if he accepted the lease, he became personally liable while he held the leasehold estate. *Hoyt* v. *Stoddard,* 2 Allen, 442. *Commonwealth* v. *Franklin Ins. Co.* 115 Mass. 278. *Deane* v. *Caldwell,* 127 Mass. 242. *Mason* v. *Smith,* 131 Mass. 510. *Ex parte Faxon,* 1 Lowell, 404. *Ex parte Houghton,* 1 Lowell, 554. *Magnay* v. *Edwards,* 13 C. B. 479.

It is unnecessary to determine in this case whether the acts. of the assignee in occupying or intermeddling with the leasehold estate would have been held before this statute to indicate an election to accept the lease, or to amount to an acceptance of it, because this is not an action at law against the assignee, and the assignee, pursuant to the statute, has disclaimed the lease.

Under the bankruptcy statutes of the United States, which contained no provisions similar to those of the St. of 1879, *c.* 245, § 1, when the marshal or assignee had used leasehold premises of the bankrupt for the benefit of the estate, a reasonable sum was ordered to be paid to the lessor by the assignee out of the assets of the estate, as compensation, and was credited to the assignee as a part of the expenses of administration. *Ex parte Faxon, ubi supra. In re Walton,* 1 Bank. Reg. 557. *In re*

*Appold*, 1 Bank. Reg. 621. *In re Merrifield*, 3 Bank. Reg. 98. *In re Rose*, 3 Bank. Reg. 265. *In re Webb*, 6 Bank. Reg. 302. *In re Breck*, 12 Bank. Reg. 215.

The St. of 1879, *c.* 245, § 1, now incorporated in the Pub. Sts. *c.* 157, § 26, was plainly taken, with some modifications, from the English bankruptcy act of 1869 (32 & 33 Vict.) *c.* 71, § 23. The provisions of our statute are, that if the assignee "elects to disclaim, such lease or agreement in writing shall thereupon be deemed to have been surrendered as of that day on which said disclaimer was so filed. And the debtor, provided he obtains his discharge in insolvency, shall be discharged from all liability under or by reason of said lease or agreement in writing, whether the assignee does or does not disclaim the same as aforesaid; and the lessor, or those having his estate in the premises, may prove such damages, if any, as are caused by such surrender, as a debt against the estate of the debtor."

In the case at bar, we infer that the rent was payable on the first of each month. The date of the first publication of the warrant was August 8, 1883, and the date of the disclaimer, October 27, 1883; so that two months' rent had meanwhile accrued.

Under the English bankruptcy act of 1869, the disclaimer operated as a surrender as of the date of the order of adjudication; and, pursuant to a general rule of the court that a trustee in bankruptcy should not execute a disclaimer of leasehold property without the leave of the court, it was held that, if the trustee had been in beneficial occupation of the property, he might, if the circumstances equitably required it, be decreed to make compensation to the landlord as a condition of granting leave to disclaim. *Ex parte Ladbury*, 17 Ch. D. 532. *Ex parte Isherwood*, 22 Ch. D. 384. *Ex parte Izard*, 23 Ch. D. 115. *Ex parte Arnal*, 24 Ch. D. 26.

One difficulty in construing our statute is that the disclaimer does not relate back to the first publication of the warrant, but takes effect as of the day on which it is filed, and the debtor, if he obtain his discharge, is discharged from all liability under the lease, whether the assignee disclaims or not. The debtor is then discharged from all rent becoming payable after the first publication of the warrant, and before the disclaimer, although this rent cannot be proved against his estate. The assignee

may at any time accept or disclaim the lease, and must elect to accept or disclaim it within twenty days after a request in writing by either the debtor or the lessor; but this election must be by a written instrument, filed with the records of the case.

If the disclaimer took effect as of the day of the first publication of the warrant, it might well be argued that the damages caused by the surrender might include the value of the loss of occupation by the landlord, or the loss of the rent between the day of the first publication and the disclaimer; but as the disclaimer takes effect as of the day it is filed, the argument loses something of its force. If the assignee elects to accept the lease, it may be that he is liable personally in an action at law for all rent accruing after the first publication of the notice of issuing the warrant, so long as he holds the leasehold estate, with the right to go for reimbursement against the assets of the insolvent estate. The assignment vests in the assignee the lessee's title to the property as of that date. Whether, if the assignee elects to disclaim the lease, he is liable personally in an action at law for the rent accruing subsequently to the first publication of the warrant and before the disclaimer, if he does such acts in reference to the property as, in accordance with the law before the St. of 1879, *c.* 245, § 1, amounted to an acceptance of the lease, need not be decided. Under the English statute of 1869, if the trustee neglected to disclaim, or was not permitted by the court to disclaim, he was held liable for the rent while the leasehold estate was vested in him, whether he actually occupied or not. *Titterton* v. *Cooper*, 9 Q. B. D. 473. *Wilson* v. *Wallani*, 5 Ex. D. 155.

There has been no adjudication by this court upon the measure of the damages, caused by the surrender, which the lessor may prove as a debt against the estate of the insolvent debtor. The English bankruptcy act of 1883 (46 & 47 Vict.) *c.* 52, § 55, has attempted to remove some of the difficulties that arose under the corresponding provisions of the act of 1869, but no decisions on this point under the act of 1883 are reported. The English act of 1869 provided, in § 23, " that any person injured by the operation of this section shall be deemed a creditor of the bankrupt to the extent of such injury, and may accordingly prove the same as a debt under the bankruptcy.". Under this

section it was held that the extent of the injury caused by the surrender, or the measure of damages, was the difference between the rent reserved and what the premises were fairly worth for the remainder of the term. When the tenant is also bound to do things besides the payment of rent, the loss of these rights is also included in the damages. *Ex parte Llynvi Coal & Iron Co.* L. R. 7 Ch. 28. *Ex parte Blake,* 11 Ch. D. 572.

Without undertaking to determine the construction to be given to the St. of 1879, *c.* 245, § 1, in all cases which may arise, we think it was competent for the Court of Insolvency, on the application of the lessor, to order the assignee to pay out of the assets of the estate a reasonable sum for the use of the leasehold property, when, as in this case, after the first publication of notice and before the disclaimer, it was used by the messenger and the assignee for the storage, sale, and delivery of the goods of the insolvent estate. It is a proper charge upon the assets, incurred in the administration of the estate, whether the assignee is personally liable or not.                    *Petition dismissed.*

*F. R. Hall,* for the respondents.

*E. O. Cooke,* for the petitioner.