ANDREW H. BELL & another *vs.* AMERICAN PROTECTIVE LEAGUE & another.

IN RE PETITION OF JAMES J. GRACE.

Suffolk.    March 5, 6, 1895. — May 28, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Insolvent Corporation — Receiver — Assignment of Term — Liability on Covenants of Lease.*

If a receiver of an insolvent corporation takes possession of its leasehold estate, he is liable only for a reasonable rent during the time that he retains possession; and he does not become an assignee of the term, and is not liable on the covenants of the lease.

PETITION of James J. Grace, that the receiver of the American Protective League, a fraternal beneficiary organization incorporated under St. 1888, c. 429, and St. 1890, c. 341, be ordered to fulfil the covenants of a lease given by the petitioner to the League.

Trial in the Superior Court, before *Hammond,* J., who reported the case for the determination of the full court, in substance as follows.

The lease, which was of a building on Tremont Street in Boston, was dated July 15, 1890, and was for the term of fourteen years and nine and a half months, at a rent varying from twelve to fifteen thousand dollars a year.   In September, 1892, the League, which was insolvent, was enjoined from doing further business, and, on November 2, Henry W. Putnam, Esq. was duly appointed receiver, and qualified as such.

The League could pay but a small dividend to the beneficiaries, whose lien on the fund in the hands of the receiver was prior to that of the general creditors. The receiver, soon after his appointment, relying upon the verbal promise of the petitioner that he would consent to a sale and assignment of the lease by the receiver for the benefit of the fund, took possession of the demised premises for the purpose of endeavoring to dispose of the lease, and, with the verbal consent of the petitioner and the approval of the judge, entered into a contract, dated December 17, 1893, with one Bradstreet for the sale of the leasehold interest. Thereupon the petitioner refused his consent to the assignment, and notified the receiver that the lease was forfeited by breach of condition; and Bradstreet refused to accept the assignment, and the receiver brought suit to compel specific performance of the contract of purchase, making the petitioner a party defendant. That suit was, in May, 1894, determined by the full court in favor of the defendant Bradstreet, on demurrer, and is reported 161 Mass. 237.

Meantime the receiver continued to pay rent under the lease, and otherwise perform the covenants thereof, until October 23, 1893, when, after tendering Bradstreet an assignment and notifying him of his intention, if it was not accepted, of disposing of the lease for his account, in such manner as the judge might order, he applied to the judge for leave to assign the lease to an irresponsible person, or abandon the same. The judge, at an *ex parte* hearing of which the petitioner had no notice, declined to authorize such an assignment, but authorized and directed the receiver to abandon the lease and the demised premises, which he did, giving the petitioner notice of the order of the judge, and that he had abandoned the lease and premises in pursuance thereof, and handing him the keys, which, on consulting counsel the next day, he immediately offered to return. The receiver never after the abandonment had any possession, or exercised any act of ownership, or collected any rents. The petitioner declined to take possession, and immediately brought this petition, upon which a hearing and argument was had in November, 1893, and the judge reserved his decision. At the hearing, it was agreed that the petitioner should take possession pending the decision, and collect the rents without prejudice to his claim

under the petition, and the petitioner thereupon entered into possession under said arrangement, which lasted till June 16, 1894, and has remained in possession ever since, collecting the rents and profits.

In June, 1894, the judge not having rendered a decision on the petition, the receiver renewed the application formerly denied for leave to assign his interest and that of the League in the lease to an irresponsible person, and, after notice to the petitioner and a hearing, the application was granted, and an assignment was made to one Clancy of all the interest of the receiver and the League in the lease and the demised premises. The judge thereupon ruled that the receiver, by reason of the facts above reported, became liable by privity of estate upon the covenants in the lease, and continued so liable until the date of the assignment to Clancy; and entered a decree accordingly for $5,400, with interest from June 16, 1894; and the defendant appealed. If the above ruling was correct, the decree was to stand; otherwise, a decree was to be entered for the defendant, or for the plaintiff for such part of the above amount as to the court should seem proper.

*G. Putnam*, for the receiver.

*R. M. Morse*, (*G. P. Wardner* with him,) for the petitioner.

LATHROP, J. It does not clearly appear whether the Superior Court took jurisdiction of the bill in equity of Bell and others against the American Protective League by virtue of the general equity jurisdiction conferred upon it by the St. of 1883, c. 223, or by virtue of the St. 1892, c. 435, which gives to the Supreme Judicial Court and to the Superior Court " exclusive and concurrent jurisdiction in cases of insolvency, of the settlement of the affairs of corporations which are authorized to transact insurance upon the assessment plan, or of any fraternal beneficiary corporations which are so authorized," and which provides that, " to that end," the court " may appoint agents or receivers to take possession of the property and effects of the corporations, subject to such rules and orders as may from time to time be prescribed by said courts, or any justice thereof." The language of this statute follows the form of the decree long ago prescribed by this court appointing a receiver of an insolvent corporation, which form was adopted by the Superior Court

when equity jurisdiction was conferred upon it. It makes no difference, therefore, whether the receiver was appointed under the general equity jurisdiction of the Superior Court or under the statute above referred to.

The question presented in this case is as to the correctness of the ruling of the Superior Court that the receiver, by reason of the facts reported, became liable, by privity of estate, upon the covenants of the lease, and continued so liable until the receiver assigned the lease to one Clancy.

It is a familiar doctrine of the common law, that while there is no privity of contract between the lessor and the assignee of a term, there is a privity of estate, which renders the assignee liable upon the covenants of the lease, so long as he holds the term. This applies not only to private individuals, but to assignees in bankruptcy and insolvency, as the title to the leasehold estate vests in them, provided they take possession.

But an assignee of a term or an assignee in bankruptcy may by assigning the term free himself from all further responsibility. And this assignment may be made to any one, however irresponsible he may be, provided the assignor does not retain any interest in the thing assigned. See 2 Platt, Leases, 400–452. The rights and duties of an assignee of an insolvent debtor are now regulated in this Commonwealth by the St. of 1879, c. 245, re-enacted in the Pub. Sts. c. 157, § 26. See *Abbott* v. *Stearns*, 139 Mass. 168.

The decree in the court below, that the petitioner was entitled to recover, apparently proceeded upon the ground that the same rule applied to a receiver as to an assignee in bankruptcy; and this seems to have been assumed to be the law in *Commonwealth* v. *Franklin Ins. Co.* 115 Mass. 278, 281. It is to be observed, however, that that case was submitted on briefs, as appears by the reporter's docket, and the question now before us was not taken by the counsel for the receivers, whose brief we have examined, nor was it discussed by the court. There were two petitions in the case, each relating to a separate parcel of land. One petition was dismissed, and the other was granted. In relation to the latter, the facts were that at the time the receivers were appointed the insurance company was lessee of a room in a building which it had prior to that time sublet. By the terms of

the lease to the insurance company, when the receivers were appointed, two quarterly payments of rent would become due in the future. When the first became due, the lessors demanded the rent and threatened to eject the sublessee if the rent was not paid. Certain negotiations were had between the lessors and the receivers, which the court found amounted to an agreement by the receivers to pay to the lessors the rent in full for the first quarterly payment, and a dividend on the last payment. The first payment was made, and the controversy was as to the last payment under the lease, the lessors contending that they were entitled to the entire rent, and the receivers that, as they had not taken possession of the land, they were not liable at all. The decision of the court was that the agreement should be carried out ; and the lessors " are therefore entitled to such dividend on the amount of rent and taxes so due as is paid to other creditors." It will be seen, therefore, that the case did not turn upon the effect of a receiver taking possession of a leasehold estate, but upon the effect of a contract made by receivers with the lessors of a leasehold estate, in relation to the rent.

It is difficult to see upon what principle a receiver, in the absence of a statute vesting the title of the insolvent in him, can, in any legal sense, be said to be the assignee of a term. In *Ellis* v. *Boston, Hartford, & Erie Railroad*, 107 Mass. 1, 28, it was said by Mr. Justice Wells, speaking of a decree of this court appointing receivers of a railroad company : " It had no effect to change the title, or create any lien upon the property. Its purpose, like that of an injunction *pendente lite*, was merely to preserve the property until the rights of all parties could be adjudged. The receivers are officers of the court for this purpose, and act under its direction and control."

A receiver is merely a ministerial officer of the court, or, as he is sometimes called, the hand of the court. The title to the property does not change ; and if he is required to take property into his custody, such custody is that of the court. *Union Bank of Chicago* v. *Kansas City Bank*, 136 U. S. 223, 236. *Thompson* v. *Phenix Ins. Co.* 136 U. S. 287, 297.

The question now before the court was carefully considered in *Gaither* v. *Stockbridge*, 67 Md. 222 ; and it was held, as a necessary deduction from the principles which we have stated,

that a receiver by taking possession of a leasehold estate did not become the assignee of the term. This case was cited with approval by Chief Justice Fuller, in the case of *Quincy, Missouri, & Pacific Railroad* v. *Humphreys*, 145 U. S. 82, 97, 98. It is true that the authority of the case as a precedent is somewhat weakened by the fact that the learned chief justice proceeded to show that the receivers in that case were not responsible on the covenants of the lease, even if they were regarded as assignees ; and by the fact that in the subsequent case of *United States Trust Co.* v. *Wabash Western Railway*, 150 U. S. 287, Mr. Justice Brown, in delivering the opinion of the court, overlooks or disregards the language of Chief Justice Fuller, and considers a receiver to stand in the same position as an assignee. It was held, however, that the mere act of taking possession of leasehold property did not render the receiver liable on the covenants of the lease, but that he was entitled to a reasonable time after taking possession to determine whether to affirm the lease and retain the premises, or to give them up.

There are many cases in New York in which it is asserted that there is no difference between an assignee and a receiver who takes possession of leasehold premises. We understand, however, that in New York a receiver of an insolvent corporation has vested in him by statute the title of the insolvent. See *Attorney General* v. *Life & Fire Ins. Co.* 4 Paige, 224 ; *Booth* v. *Clark*, 17 How. 322, 331.

We regard the question presented in the case at bar as an open one in this Commonwealth, and, on principle, it seems to us that, if a receiver of an insolvent corporation takes possession of its leasehold estate, he is liable only for a reasonable rent during the time that he retains possession ; that he does not become an assignee of the term, and is not liable on the covenants of the lease.

As the receiver paid rent to the satisfaction of the lessor, while in possession, we are of opinion that he is not liable for any further rent. It follows, therefore, that the decree of the Superior Court was erroneous, and must be reversed.

*Decree accordingly.*