Hillsborough, }
June, 1896. }

## NEW HAMPSHIRE TRUST CO. *v.* TAGGART, *Assignee.*

An assignee appointed under P. S., *c.* 162, may repudiate a contract of his assignor which he deems to be burdensome.

DEBT, for rent reserved in a lease. Facts agreed. May 24, 1894, the plaintiffs leased to the Granite State Provident Association certain premises in the building known as The Kennard in

Manchester for the term of ten years from July 1, 1894, at an annual rental of $3,600. March 18, 1896, upon the petition of the bank commissioners, the association was enjoined from doing any further business, and the defendant was appointed as-signee to wind up its affairs. At the time of the defendant's appointment the demised premises were occupied by the association. Shortly afterward the defendant conferred with the officers of the plaintiff company, and it was agreed that occupation of the premises and payment of rent by him should not be considered an adoption of the lease, or an assumption of liability to pay rent according to its covenants, until he had formally elected so to do. The defendant occupied the premises and paid rent therefor until June 1, 1896, when he disaffirmed the lease, notified the plaintiffs that he considered it an unprofitable and undesirable contract, and tendered them the lease. The plaintiffs declined to accept this surrender, and brought suit to recover rent for June, 1896, according to the covenants of the lease. The premises were vacated by the defendant and rent paid by him to June 1, 1896.

*Oliver E. Branch*, for the plaintiffs.

*David A. Taggart* and *John H. Riedell*, for the defendant.

- CLARK, J. Upon petition of the bank commissioners, under the provisions of P. S., c. 162, s. 12, the Granite State Provident Association was enjoined from transacting any further business, and the defendant was appointed assignee. This action was practically a dissolution of the corporation. Among the assets of the corporation the defendant found the lease in question, having eight years to run at an annual rent of $3,600. As he was to wind up the business, he had no use for the demised premises. In his judgment the lease was disadvantageous property, and he surrendered it to the lessors. This he was authorized to do under the power vested in him as assignee. It is his duty to preserve the property of the association, convert the assets into cash, and make such distribution as the court may order. "An assignee is not bound and will not be required to take into his possession property which will be a burden instead of a benefit to the estate, nor to bring suit for the recovery of property when the result is so uncertain that a reasonably prudent man would not undertake it." *Brown* v. *Folsom*, 62 N. H. 527.

The right of an assignee in bankruptcy to ignore the contracts of his assignor was considered in *Streeter* v. *Sumner*, 31 N. H. 542. In that case *Bell*, J., says (*p.* 557): "Of the remaining class spoken of, that which cannot be regarded as property, because it is, from the character of the stipulations and the relations of the values concerned, a burden rather than a benefit, may be named

the case of leases upon unfavorable terms. . . . In England, the assignee is allowed a reasonable time to ascertain the value, and is allowed an election in behalf of the creditors, to accept the assignment, or to refuse it. . . . Upon the same principle, the assignee must be understood to have an election as to contracts of every kind, to repudiate and reject the assignment, if the contracts, by their continuance, seem likely to subject the available estate to future losses. . . . In some cases, the burdensome character of contracts, as leases, for example, may be at once obvious. In others, it may be a matter of doubt and uncertainty, requiring careful inquiry and consideration. . . . But whenever it appears that a contract must prove a burden in future, if the assignee assumes the obligations of the bankrupt, it must be regarded as not being property within the meaning of the bankrupt law." To the same effect is *Griswold* v. *Morse*, 59 N. H. 211.

In Massachusetts it is held that an assignee is not chargeable for rent unless he accepts the lease. "Although by operation of law the right or title to demised premises under a lease passes to the assignee of an insolvent debtor, yet he is not chargeable for rent unless he actually enters upon and enjoys the estate, or does some other act indicating an acceptance of the lease. . . . An assignee, therefore, is not bound to accept a lease, which, in consequence of the amount of rent reserved in the covenants to be kept by the lessee, would prove a burden on the estate in his hands and diminish the assets to be distributed among the creditors." *Hoyt* v. *Stoddard*, 2 Allen 442. "It seems to us that, if a receiver of an insolvent corporation takes possession of its leasehold estate, he is liable only for a reasonable rent during the time that he retains possession; that he does not become an assignee of the term, and is not liable on the covenants of the lease. As the receiver paid rent to the satisfaction of the lessor, while in possession, we are of opinion that he is not liable for any further rent." *Bell* v. *Protective League*, 163 Mass. 558, 563. A similar view is expressed in *Commonwealth* v. *Insurance Co.*, 115 Mass. 278.

In *U. S. Trust Co.* v. *Railway*, 150 U. S. 287, 299, the law is thus stated: "The general rule applicable to this class of cases is undisputed that an assignee or receiver is not bound to adopt the contracts, accept the leases, or otherwise step into the shoes of his assignor, if in his opinion it would be unprofitable or undesirable to do so; and he is entitled to a reasonable time to elect whether to adopt or repudiate such contracts. If he elects to adopt a lease, the receiver becomes vested with the title to the leasehold interest, and a privity of estate is thereby created between the lessor and the receiver, by which the latter becomes liable upon the covenant to pay rent." The same rule is laid down in *Woodruff* v. *Railway*, 93 N. Y. 609; *Gaither* v. *Stockbridge*,

67 Md. 222; *Sunflower Oil Co.* v. *Wilson*, 142 U. S. 313; *Quincy, etc., Railroad* v. *Humphreys*, 145 U. S. 82.

The defendant was not liable upon the covenants in the lease after surrendering it; and as the rent due to that time had been paid, this action cannot be maintained.

*Judgment for the defendant.*

CARPENTER, C. J., and BLODGETT and PARSONS, JJ., did not sit: the others concurred.