## STOEPEL *v.* UNION TRUST CO.

RECEIVERS—LIABILITY FOR RENT.

A receiver continuing in possession of leased premises without assuming the lease is liable for rent only during the time of actual occupancy.

Appeal from Wayne; Carpenter, J. Submitted June 8, 1899. Decided September 19, 1899.

Petition by William C. and Herman R. Stoepel for an order requiring the Union Trust Company, as receiver of Samuel G. M. Gates, to pay rent for the full term of a lease executed by insolvent. From an order dismissing the petition, petitioners appeal. Affirmed.

In 1896, S. G. M. Gates became insolvent, and the

Union Trust Company was appointed receiver, with power to carry on the business. A part of this business was located upon certain premises leased by Gates from W. C. and H. R. Stoepel, October 15, 1894, for five years, at a yearly rental of $600, payable quarterly, and taxes. At the time of the appointment of the receiver, there were then due the taxes of 1896 and one quarter's rent, which the receiver, by order of the court, paid. The receiver surrendered the premises July 1, 1898, and at this time it had paid the rent up to June 15th, and had tendered payment to July 1st, which was refused. The appellants then filed their petition for the purpose of holding the receiver for the balance of the term of the lease. The court, after hearing the testimony in open court, dismissed the petition.

*Charles K. Latham* and *Everett B. Latham*, for petitioners.

*Russel & Campbell*, for respondent.

GRANT, C. J. (*after stating the facts*). It appears from the petitioners' own testimony that they applied to the receiver soon after its appointment, and demanded that it pay the rent or get off the land, and that it repudiated promptly all liability under the lease, except for the time that the premises were occupied by it. There was no assumption of this lease, either express or implied, under these circumstances. While it occupied the premises it did so, in the absence of agreement to the contrary, under the terms of the lease under which the insolvent held, and was liable only for the reasonable rent during the time of actual occupancy. *Bell* v. *American Protective League*, 163 Mass. 558 (28 L. R. A. 452, 47 Am. St. Rep. 481); Smith, Rec. §§ 121-123; High, Rec. § 273.

The order is affirmed, with costs.

The other Justices concurred.