## LIABILITY FOR RENTS ACCRUING UNDER A RECEIVERSHIP.

Common Pleas Court of Hamilton County.

●

THE HERMAN LACKMAN BREWING COMPANY V. JOHN A. PAYNE
AND REUBEN S'. PAYNE.

Decided, 1916.

*Landlord and Tenant—Recovery of Judgment for Rents Due—Not a Bar to Subsequent Action for Later Installments—Individual Liability of Lessee Not Affected by Occupants Being Placed in Hands of a Receiver.*

1. The recovery of judgment for rent due up to the time of the filing of the suit is not a bar to a subsequent action for installments thereafter accruing for the remainder of the term of the lease.
2. Neither does the fact that a receiver was appointed in said first action, and remained in control of the property until the expiration of the lease, affect the liability of lessees for rents accruing during the receivership; nor is the plaintiff by reason of such appointment limited in his recovery to the fund in the hands of the receiver.

*Bettinger, Schmitt & Kreis,* for plaintiff.
*J. C. Hermann,* contra.

MAY, J.

The plaintiff sues the defendants for balance due on three months' rent on a ten-year lease executed December 24, 1904. The defendant, John A. Payne, filed his answer setting up four defenses. The plaintiff demurs to the first, third and fourth defenses set up in the answer.

To dispose of the demurrer it will be necessary to examine somewhat in detail each of these defenses. The first defense is a plea in bar to the action setting forth that in a previous suit in this court, to-wit, No. 157504, wherein the present plaintiff was the plaintiff and the present defendants, as well as one

William Bodemer, to whom the plaintiffs had assigned the lease sued upon, were defendants, the subject-matter being the same and judgment having been recovered in that action. An examination, however, of the allegations set out in the answer of Payne filed in the present case, as well as an examination of the judgment entry in No. 157504, discloses the fact that the plaintiff in the former action merely recovered for the installments of rent due at the time the action was filed, and that it did not recover, nor is it alleged in the present answer that it did recover any judgment for the installments of rent now sued upon.

Therefore, upon the authority of *Strangward* v. *American Brass Bedstead Company*, 82 Ohio State, 121, the demurrer should be sustained.

The fourth defense sets forth that in the previous case, No. 157504, the present plaintiff caused a receiver to be appointed to take charge of the leasehold, and that because the receiver remained in control of the premises until the expiration of the lease, the original lessees can not be held liable upon the lease.

I am of the opinion that the demurrer to these defenses should be sustained. In Ohio it is well settled that a receiver appointed by a court is purely a ministerial officer and the servant of those from whom he receives his appointment; that under no circumstances can it be said that a receiver by virtue of his office in any case becomes vested with the title to the property or the assets which he administers, and his relations to the property, like that of a constable, sheriff or master in chancery, are merely that of a ministerial officer. He is not an assignee of the property for which he is appointed receiver. *Lafayette Bank* v. *Buckingham*, 12 Ohio St., 419, at 425; *Marshall* v. *Caverly Co.*, 5 N.P.(N.S.), 185, at 186. This is the law generally in this country. *Jones on Landlord and Tenant*, Section 443; *1 Tiffany on Landlord and Tenant*, pages 184, 185; *Bell* v. *American Protective League*, 163 Mass., 558; *N. Y. P. & O. R. Co.* v. *N. Y., L. E. & W. R. Co.*, 58 Fed., 268, at 278.

It is contended, however, by the defendant that inasmuch as the present plaintiff invoked the appointment of a receiver in the previous action, that he can only look to the fund in the

hands of the receiver for payment of the rent, and if there is any deficiency he must be the loser because he invoked the jurisdiction of the court for the appointment of a receiver.

The previous case as set out in the allegations of the answer in the present case conclusively show that the receiver in the former case was appointed to take charge of the property during the pendency of the suit, and that he applied all funds in his hands toward the payment of rent, and that the plaintiff gave the defendants credit for funds so applied. The plaintiff had the right in the previous suit to ask for the appointment of a receiver for the protection of its lien upon the property leased and the chattels therein contained. The mere application for the appointment of a receiver was not an eviction of the tenant named in the lease, it was merely an ancillary proceeding as was held in the case of *Wolf* v. *Ranck,* 141 N. W. R., 442 (Supreme Court of Iowa).

Counsel for defendants cite as supporting their contention the case of *Dorr Run Coal Co.* v. *Nelsonville Coal Co.,* 11 N.P. (N.S.), 459. This case is easily distinguishable from the case at bar. Plaintiff there sought to recover for a period during which the property was in the hands of a receiver, and therefore in the custody of the law, and the appointment of which receiver prevented the operation of the property as contemplated by the contract. In the case at bar the receiver operated the property as contemplated by the lease.