FLEMING v. NOBLE et al.

(Circuit Court of Appeals, First Circuit. April 2, 1918.)

No. 1318.

1. EQUITY ☞410(1)—FINDINGS OF MASTER—EXCEPTIONS.

Where no exceptions were taken to the master's findings of fact, they must be accepted as true by the reviewing court.

2. APPEAL AND ERROR ☞931(10)—CONCLUSIONS OF MASTER—PRESUMPTION.

Where the conclusions of the master from the facts found are questioned on appeal from decree of confirmation, every reasonable presumption should be indulged in their favor, and they should not be set aside unless clearly erroneous.

3. RECEIVERS ☞91—ACCEPTANCE OF LEASE.

A receiver may take and retain possession of leasehold property for such reasonable time as will enable him to elect intelligently whether the interest of his trust will be best served by adopting the lease or returning the property to the lessor.

4. RECEIVERS ☞91—LEASED PROPERTY—LIABILITY FOR RENTAL VALUE.

Where a receiver was appointed in August to take charge of the property of an associated trust, and he occupied premises leased by the trust for the entire month of September, during which time he sublet a portion of the premises, until the end of the term, to a third person, the receiver is liable for the fair rental value of the premises for September, which was the same as the rent reserved; it not appearing that the receiver would have delivered possession, had the lessor's agent been able, earlier in the month of September, to conclude negotiations with a lessee of the remainder of the premises, who was interested by the receiver.

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Intervening petition by Mary E. Fleming against John Noble, receiver of the Associated Trust, and others. From the decree, petitioner appeals. Reversed and remanded, with directions.

James H. Duffy, of Boston, Mass., for appellant.
John Noble, of Boston, Mass., for appellees.

Before BINGHAM and JOHNSON, Circuit Judges, and ALD-RICH, District Judge.

JOHNSON, Circuit Judge. This is an appeal from a decree of the District Court confirming the report of a special master appointed by it to find the facts and make report thereon to the court in respect to the claim of the appellant against the Associated Trust, of which the appellee was appointed receiver August 27, 1914.

The claim was one for $150 for use and occupation of her premises by the receiver during the month of September, 1914.

The master found and reported the following facts:

The Associated Trust, at the time of the appointment of a receiver, was occupying the premises under lease for the term of five years, beginning September 12, 1912, at a monthly rental of $150, and kept there, more or less, building material used in their repair work, some

tools, a motor truck, considerable piping, some radiators, and many used doors and window sashes, and also on the third floor a printing plant, which was then in operation, and which was continued in operation by the receiver during the month of September, in order to finish work on hand. The other property of the Trust was kept on the premises during that month by him.

There was no agreement or understanding between the receiver and the lessor for compensation for the use and occupation of the premises by the receiver, and there was no adoption of the lease by him.

The receiver, on September 4, 1914, telephoned the attorney for the appellant that he had a prospective tenant for the premises, and referred the tenant to John F. Fleming, her husband, who was acting for and in her behalf.

The receiver told the prospective tenant that, if a lease were negotiated for the premises, he would want a day or two to remove the property of the Trust; but there is no finding in regard to the date when this prospective tenant wished to enter into occupation of the premises, or when he desired his term to commence. He reported to the receiver in about a week that Mr. Fleming was ill, and the receiver called the attorney for the appellant, and informed him that Stoner & Zeimetz were impatient to know if they could get a lease of the premises, and was informed that Mr. Fleming was still ill.

September 26 Mr. Fleming was able to go to the receiver's office, and on that day an agreement to lease the premises, except one room on the first floor, which the receiver had sublet to the town of Brookline for $15 per month, beginning September 1, was prepared by the receiver and executed by Stoner & Zeimetz and Fleming for the remainder of the term of the lease to the Trust, viz., October 1, 1914, to September 1, 1917, at the rental of $135 per month, which the master has found was a fair rental value of that part of the premises covered by this lease, and which, with the rental to be paid by the town of Brookline, would make the fair rental value of the whole premises $150 per month.

The master reported the following conclusions from these facts:

That the lessor suffered no loss of income, and was not prevented from leasing the premises, by reason of the use and occupation of the receiver; that there was no cause for the delay in executing the new lease, except the illness of Mr. Fleming; that it was of benefit to the estate and a convenience to the receiver to use and occupy part of the lessor's premises in winding up the affairs of the Associated Trust; and that "the sum of $30 is a reasonable sum for the receiver to pay for such use as he made of the premises."

The District Court added to the amount reported by the master the sum of $15 collected by the receiver from the town of Brookline and confirmed the report so modified.

[1, 2] No exception was taken to the findings of fact by the master, and they must be accepted as true. We are concerned only with the conclusions which he has drawn from these facts, and which should be considered with every reasonable presumption in their favor, and not set aside unless clearly erroneous. Trust Company v. Cooper,

162 U. S. 529, 16 Sup. Ct. 879, 40 L. Ed. 1062; Camden v. Stuart, 144 U. S. 104, 118, 12 Sup. Ct. 585, 36 L. Ed. 363.·

[3] The law is well settled that a receiver may take and retain possession of leasehold property for such reasonable time as will enable him to elect intelligently whether the interest of his trust will be best served by adopting the lease or by returning the property to the lessor. Sunflower Oil Company v. Wilson, 142 U. S. 313, 12 Sup. Ct. 235, 35 L. Ed. 1025.; Railroad Company v. Humphreys, 145 U. S. 82, 12 Sup. Ct. 787, 36 L. Ed. 632; Dayton Hydraulic Company v. Felsenthall, 116 Fed. 961, 966, 54 C. C. A. 537; Bell v. American Protective League et al., 163 Mass. 558, 562, 40 N. E. 857, 28 L. R. A. 452, 47 Am. St. Rep. 481.

[4] There is some conflict of authority as to whether the receiver, who has renounced the lease, and has elected not to be bound by the obligations thereof, becomes liable for the rental reserved in the lease, or only for the reasonable rental value of the premises during the time of his occupancy. High on Receivers (4th Ed.) p. 325.

In Kneeland v. American Loan & Trust Company, 136 U. S. 89, 103, 10 Sup. Ct. 950, 955 [34 L. Ed. 379], the court held that the receiver was liable for the payment of a reasonable rental during his possession, "a rental not based on the use actually made by the receiver, but on the ordinary value of the rental of such property. * * * Such value is not to be determined by the amount of actual use, but by what, in the first instance and before the use had been had, would be adjudged a reasonable rental value."

In Sunflower Oil Co. v. Wilson, supra, the court said (142 U. S. 322, 12 Sup. Ct. 237 [35 L. Ed. 1025]):

"The receiver did not simply by virtue of his appointment become liable upon the covenants and agreements of the railway company. * * * Upon taking possession of the property, he was entitled to a reasonable time to elect whether he would adopt this contract and make it his own, or whether he would insist upon the inability of the company to pay, and return the property in good order and condition, paying, of course, the stipulated rental for it so long as he used it"—citing Turner v. Richardson, 7 East, 335; Commonwealth v. Franklin Ins. Co., 115 Mass. 278; Sparhawk v. Yerkes, 142 U. S. 1, 12 Sup. Ct. 104, 35 L. Ed. 915. ·

It is not necessary to decide here, however, the general question whether a receiver, after he has disaffirmed a lease and continued in possession of the property, is liable to pay the rent stipulated in the lease or only a reasonable rental value, because the master has found that $150, the rent stated in the lease, is the fair rental value of the property; thus upon his findings of fact, and quite independent of the lease, presenting to us the single question whether it should be the fair rental value of the whole of the unsurrendered premises or a smaller sum based upon a lesser, but indeterminate, use. Under the circumstances, we think it should be the fair rental value.

If the receiver had desired to relieve himself from the payment of the fair rental value during the time he occupied the premises, he should have made an agreement with the lessor fixing the rent which he should pay, and if he could not agree upon a satisfactory rental he could have removed the property under his control. This he did not do because,

as the master has found, his use and occupation was "of benefit to the estate and a convenience" to him in settling its affairs. He sublet one room upon the premises to the town of Brookline and received the rental of $15 for the same during the month of September. He continued to run the printing press upon the third floor of the premises during the whole of this month to fill orders then on hand; and, so far as the findings disclose, all the property of the trust which was there when he was appointed, was stored there during the whole of that month. While the master has found that the receiver procured another tenant for the premises on September 4, and notified the attorney for the appellant, he still continued to occupy the premises under the circumstances stated without any arrangement with the appellant to yield to her possession of any part of the premises covered by the lease, and there is no finding that the agreement made with the prospective tenant, by which he was to have a day or two to remove the property of the trust, was communicated to the appellant or to any one acting in her behalf.

While the court below affirmed the finding of the master that the delay in executing a lease with the prospective tenant was occasioned solely by the illness of the appellant's husband, it does not appear from the master's report that the term of the new lease would have commenced before October 1, 1914, even if the agreement for one had been executed earlier than September 26, or that the receiver would not have occupied the premises as long as he did.

The conclusion of the master, therefore, that the appellant was not deprived of the possession of the premises by the use and occupation of the receiver, is not sustained by the facts he has reported. His determination of the amount of rent by the extent of the use of the receiver, and by the fact that the lessor was deprived of no income by reason of the receiver's occupation, was clearly erroneous, in view of the fact that he had found that the rent stipulated in the lease was a fair rental value for the property, and his report should not have been confirmed. Under the facts reported by the master the appellant should have been allowed the fair rental value of the premises for one month, which was $150, the amount stipulated in the lease, unless the sum of $15, collected from the town of Brookline, had been paid to her, in which case she should have been allowed the sum of $135.

The decree of the District Court is reversed; the case to be remanded to that court for further action not inconsistent with this opinion; appellant to recover costs of appeal.