14293

STONE v. MINCEY *ET AL.*

(185 S. E., 619)

318

November, 1935.

*Messrs. Ben F. Perry* and *J. M. Wells,* for appellants,

*Messrs. Nettles & Poteat,* for respondent, Glens Falls Indemnity Company,

May 12, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This action was commenced in the Court of Common Pleas for Greenville County for the purpose of recovering the sum of $258.66, as rent for a tenement rented to Edward B. Cohen by appellant on November 15, 1929, at a monthly rental of $140.00.

On January 27, 1931, in the case of *Joseph S. Cohen & Sons Company, Inc., v. Edward B. Cohen,* an order was passed in the Court of Common Pleas appointing E. E. Mincey Receiver for the said Edward B. Cohen. On January 28, 1931, E. E. Mincey accepted said appointment and qualified as said Receiver by filing bond of respondent, Glens Falls Indemnity Company, in the sum of $8,000.00, the condition of the bond being that said Receiver "shall duly account for what shall come into his hands or control as such receiver, and pay and apply the same from time to time as he may be directed by said Court and shall obey such orders as the Court may make in relation to such trust, and faithfully perform all of his duties as such receiver, then this obligation to be void, otherwise, of full force and effect."

Subsequent to his appointment, the Receiver continued to occupy the premises formerly rented to Edward B. Cohen, by appellant, conducting the business of Edward B. Cohen, as Receiver, from the date of his appointment, January 27, 1931, to the date of his discharge by an order of Judge Wilson on April 3, 1931. The rent for the aforementioned premises was paid to February 15, 1931, but the rent from that date to April 3, 1931, was not paid, and for the recovery of such unpaid rent, this action is brought.

On April 3, 1931, Judge Wilson rendered an order, which after reciting the commencement of the foreclosure proceedings under which the said Receiver was appointed, and the compromise of the parties to such action, provided "that E. E. Mincey, receiver, not be required to account to the Court for his receivership, and that his bond be cancelled;

his receivership be and hereby is terminated and ended, and he is fully discharged therefrom."

The case came on for trial before Judge Sease and a jury on November 15, 1935. At the appropriate stage of the trial respondents made a motion for a directed verdict on three grounds, but the motion was refused, the case submitted to the jury, and resulted in a verdict for appellant in the sum of $258.66.

On motion for a new trial, respondents renewed the grounds of its motion for a directed verdict on trial, and Judge Sease granted a new trial on the second ground, which was as follows:

"The evidence shows that the bond sued on was entered into by order of the Court of Common Pleas and thereafter Honorable John S. Wilson, Presiding Judge, ordered said bond cancelled, the receivership terminated and ended, and the Receiver discharged. The present suit constitutes an attempt to collaterally attack the adjudication of the rights of the defendants made by Judge Wilson in the suit in which the bond was given."

The case is here on appeal from the order of Judge Sease granting a new trial on the ground that said action constitutes a collateral attack on the judgment adjudicating the rights of the parties, defendant (respondent), in the suit in which the bond in this action was given.

It is well settled that a collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner not provided by law. If an inspection of the judgment discloses an infirmity or defect in the record itself, the judgment may be disregarded as null and void whenever and wherever it is encountered in any judicial proceeding, direct or collateral, but it is equally as firmly established that if it is necessary to show any matter dehors the record, in order to maintain an action, the purpose of which is to attack the judgment of a Court of competent jurisdiction, such action

is not maintainable, unless such relief demanded by the separate suit requires the decision of issues of fact by a mode of trial, or the application of some equitable remedy not available upon or by motion in the original cause. *Tolbert v. Roark,* 126 S. C., 207, 119 S. E., 571.

As before stated, Judge Wilson passed a final order on April 3, 1931, terminating and ending the receivership, discharging the Receiver and canceling his bond, and unless this judgment is shown to be defective on its face, which is not contended here, it is absolutely impregnably fortified against collateral attack unless it can be brought within the purview of the exceptions laid down by the rule in the case of *Tolbert v. Roark, supra.*

It is urged that there are certain issues of fact to be determined in this case which bring it within the exceptions announced in the *Tolbert case.* These issues are:

1. Whether or not the Receiver committed fraudulent acts in the administration of his receivership in not paying the rent.

2. What rent he agreed to pay.

3. Whether the premises were occupied by the Receiver for the preservation of the assets of the receivership and for what period of time.

Whether or not the Receiver was guilty of fraudulent conduct in the administration of the receivership in not paying the rent, does not afford sufficient reason to warrant a deviation from the rule that a judgment of a Court of competent jurisdiction, regular on its face, is not subject to collateral attack.

In the case of *Bailey, Judge of Probate, et al., v. Cooley et al.,* 153 S. C., 78, 150 S. E., 473, 475, Mr. Chief Justice Watts, speaking for the Court, said:

"Fraud while forming a sufficient ground for direct attack on a judgment, does not justify a collateral attack thereon. Thus in Van Fleet's Collateral Attack, at page 579, it is stated: 'The final settlement of an administrator or guard-

ian is not void for fraud, not because he allowed a fraudulent claim, nor because the report was false and fraudulent, nor because he fraudulently withheld assets and converted them to his own use, nor because the sales of property were fraudulent and made for his own benefit.' "

Receivership proceedings are equitable in nature, but Courts of equity and law have concurrent jurisdiction of fraud, and proof of fraud is sufficient to warrant the Court in opening a judgment previously rendered. We are aware of no authority or principle of law which will preclude the proof of fraudulent conduct on the part of the Receiver in the administration of his receivership on motion in the original cause to vacate and set aside the judgment rendered therein. But, on the contrary, however, the cases hold that proof of fraud is sufficient ground to warrant the Court in opening a judgment on motion in the original cause. *Bailey, Judge of Probate, et al., v. Cooley et al., supra.* To say that fraud is ground for opening a judgment, and then to deny a litigant the right to prove it, is an inconsistency which no Court of justice would countenance.

Therefore, appellant's position that the determination of the question whether or not the Receiver committed a fraudulent act in failing to pay rent for the premises occupied for the prosecution of the receivership business entitles him to collaterally attack a previous adjudication of the parties' rights is untenable.

Now, as to the amount of rent agreed to be paid by the Receiver, it is essential to the solution of this question that we make a few preliminary observations relative to the legal characteristics of a Receiver.

A Receiver appointed by a Court of equity is the mere custodian of the Court appointing him. The property in his possession is *in custodia legis* and subject at all times to the orders of the appointing Court. A Receiver does not become the assignee of a leasehold merely because he is placed in possession of premises for-

merly occupied by an insolvent, inasmuch as his possession is not by act of the parties nor under any assignment, but he holds under and by virtue of the order of the Court appointing him. The liability of the Receiver for rentals during the time which he occupied the premises for the preservation and prosecution of the receivership business is not in general disputed, and the controversy turns mainly upon whether rent should be paid according to the agreement between the landlord and the insolvent, or upon the basis of a reasonable compensation to the landlord for the occupation of the premises during his receivership.

In the case of *Andrew H. Bell et al. v. American Protective League,* 163 Mass., 558, 40 N. E., 857, 859, 28 L. R. A., 452, 47 Am. St. Rep., 481, the Court said:

"If a receiver of an insolvent corporation takes possession of its leasehold estate, he is liable only for a reasonable rent during the time that he retains possession."

The determination of the reasonableness of the rent to be paid by the Receiver is peculiarly within the power of the Court appointing him. A Receiver is an officer of the Court, through whom the Court takes possession of the assets of the insolvent for the purpose of preventing their waste or destruction, and of reducing them to such form as may be necessary for their ratable distribution among those entitled thereto; the possession of the property by him is the possession of the Court which appointed him. He is the medium through which the Court acts in the execution of its orders and decrees. It follows necessarily that inasmuch as he is the instrument or agency through which the Court acts, as it may determine from time to time in the settlement of the insolvent's estate, the Court appointing the Receiver and having jurisdiction of the receivership proceedings would be the proper Court to determine the reasonableness of the rent to be paid by the Receiver for the premises occupied for the prosecution of the receivership business and could be determined by motion in the original

cause to vacate and set aside the judgment rendered therein.

Appellant also contends that the determination of the question, whether or not the premises were occupied by the Receiver for the preservation of the assets of the receivership and for what period of time, presents such a question of fact without the receivership proceedings as renders the relief demanded unavailable on motion in the original cause.

It is a rudimentary principle of equitable jurisprudence that once a Court of equity assumes jurisdiction over a matter, it will retain it to give all necessary relief, even though it is thereby required to pass upon strictly legal questions, questions which would otherwise be triable in a Court of law. The general doctrine is that a Court of equity, by taking jurisdiction over a matter and appointing a Receiver, draws to it the right to hear and determine all claims against its Receiver and to completely adjudicate the receivership. We are aware of no principle or authority which would prevent proof of the fact that the Receiver occupied the premises for receivership purposes and the period of his occupancy for said purposes in the Court of original jurisdiction, if sufficient showing of mistake is made on motion to vacate and set aside the judgment in the original cause.

The order of Judge Wilson discharging the defendant E. E. Mincey, as Receiver, is conclusive. It is not subject to collateral attack by an independent action for the reasons urged by appellant. It may be set aside and vacated on proper and sufficient showing by motion in the cause in which the Receiver was appointed and discharged as Receiver.

Until thus set aside and vacated, no action to recover on account of his liability as Receiver can be maintained against him or his surety on the receivership bond. The liability of the Receiver terminated with his official existence.

The liability of the defendants other than the Receiver and his surety would be necessarily based on his liability. Therefore, it follows that since the action cannot be maintained against the Receiver, certainly no cause of action can be maintained against the other defendants.

It is the judgment of this Court that the judgment of the lower Court be and is hereby affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.